*December*, 1824.

## The State *against* Sampson Reece.

The Supreme Court has not jurisdiction of points referred to it, as novel and difficult, until after final judgment by the inferior Court.

IN the Circuit Court of *Jackson* County, *Sampson Reece* was tried on an indictment ; the first count of which charged him with having stolen a grey horse, the property of *Robert Vann ;* the second count, with having stolen another grey horse, the property of *Vann,* and a bay mare, the property of *Elizabeth Pack ;* the third count, with having unlawfully, &c. received another grey horse, the property of *Vann,* and another bay mare, the property of *Elizabeth Pack,* (which had been stolen by some person to the grand Jurors unknown) knowing them to have been so feloniously stolen. On his plea of not guilty, a verdict was rendered finding him guilty as charged. Reasons in arrest of judgment filed ; and the Circuit Court, without rendering any judgment on the verdict, referred to the Supreme Court the matters of law arising on the reasons in arrest of judgment as questions novel and difficult.

The Chief Justice delivered the opinion of the majority of the Court.

A question of jurisdiction forces itself on us in this case.

The Constitution, in directing the organization of this Court, provides that it shall have appellate jurisdiction only, unless in the cases excepted. Under the provision it has been adjudged that the Supreme Court cannot entertain jurisdiction in any case until final judgment has been rendered in the Court below. Nothing final has been done in this case from which an appeal can be taken. The Judge of the Circuit Court should have rendered judgment, subject to the opinion of the Court on the points reserved. This is the doctrine laid down in the cases, *The State* against *Phleming* and *The State* against *Humphrey*.(a) These cases were decided on due consideration, and, as a majority of the Court think, on sound principles of law, however strong reason may be against the restriction imposed by the constitution. It is the opinion of a majority of the Court that the case must be dismissed.

(a) *Ante*, 42, 64.

Judge *Crenshaw.*—The Court here refuse to entertain jurisdiction, because the Circuit Court did not decide the

motion in arrest of judgment and pass sentence on the pri-
soner. It is said, that to determine here a point reserved,
but not adjudicated by the Circuit Court, would be the ex-
ercise of original and not of appellate jurisdiction. The
Constitution of the State gives to this Court general appel-
late jurisdiction " under such regulations and restrictions as
may be prescribed by law." By the Act of 1820, (Laws
Ala. 482, s. 5,) " It shall not hereafter be lawful for any
" Circuit Court to refer to the Supreme Court any question
" of law except such as may be novel and difficult, and
" arise in a criminal cause." It is not denied by the majori-
ty of the Court, that a criminal case may reach this tri-
bunal on a point reserved by the Circuit Court. I think
that to reserve a point or refer a question to the Supreme
Court, necessarily implies that it has not been decided by
the Circuit Court ; for to me it appears a solecism, first to
decide a question, and then to reserve or refer it to another
tribunal. But it is said, that to decide the question here
without a previous adjudication by the Court below, would
be the exercise of appellate, not original jurisdiction. What
is original and what appellate jurisdiction ? Where a Court
takes original cognizance of a cause, and is competent to
decide on its merits, I understand it to be original jurisdic-
tion. Our Circuit Courts have general original jurisdiction
of ordinary actions and prosecutions at law, and of suits
in Chancery. Appellate jurisdiction is where a case is
brought into the Appellate Court from the Court of original
jurisdiction, in which the merits of the case and matters of
fact have been tried. It does not necessarily imply that on
the verdict, or on the case as made out, judgment shall have
been rendered by the Inferior Court, or that every question
of law arising out of the case shall have been there decided.
Chief Justice *Marshall* says, (1 Cro. 175,) it is the essential
criterion of appellate jurisdiction, that " it corrects and re-
" vises the proceedings in a cause already instituted, and
" does not create that cause ;" strongly implying that it is
not essential that final judgment should have been rendered,
or the point reserved been decided by the Court below.
The Constitution gives to the Legislature the power of re-
gulating and restricting the appellate jurisdiction of this
Court. In the exercise of this regulating and restricting
power, the Legislature, by the Act referred to, have declar-
ed that a criminal cause may come into this Court on a
question referred ; and I have, I think, already shewn that
to refer or reserve a question, it ought not to have been de-
cided by the Circuit Court. The Statute does not enlarge
the powers of the Appellate Court, or enable it to give ef-

fect to its constitutional powers ; nor does it prescribe a mode by which its appellate powers in criminal cases shall be exercised. But it restricts the authority to reserve a point and refer a question to the Supreme Court to criminal causes alone ; an authority which, before this Statute, by the powers given by the Constitution, extended to civil as well as criminal cases. I cannot assent to the doctrine, that this Court cannot exercise its constitutional appellate jurisdiction, unless the Legislature have prescribed some mode or form by which it is to be exercised. The constitution gives to the Legislature the power of regulating and restraining this appellate jurisdiction, but has not denied to the Supreme Court, in cases where the Legislature may not interfere, the right to exercise its jurisdiction in any manner in which the Court may prescribe.

I do not conceive that this question of jurisdiction has been directly settled by any former adjudication of this Court. In *Phleming* against *The State* final judgment had been given, and sentence passed by the Circuit Court. The case of *Humphrey* against *The State* came up by appeal from the County Court, and not on any question referred to this Court. If this Court, in these cases, did incidentally say that novel and difficult points after rendition of judgment may be reserved for the consideration of the Supreme Court, and that this is the only mode in which a criminal case can be brought into this Court, the decision of this question was not necessary in order to dispose of either case. I do not feel bound by those decisions. I dissented from them, and shall avail myself of every opportunity to protest against a doctrine which, in my opinion, tends to deprive the citizen of some of his most valuable rights.

Judge *Crenshaw* then gave his opinion that the judgment should be arrested. As to this, the majority of the Court expressed no opinion.

Judges *Saffold*, *Gayle*, and *Ellis*, concurred with the Chief Justice. Judge *Minor* having presided on the trial in the Circuit Court, did not sit.