## Richmond

### JOHN FINCHER v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record Nos. 7720 and 7721.

*John W. Wine*, for plaintiff in error in Record Nos. 7720 and 7721.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 7720 and 7721.

Per Curiam.

The questions for decision in this case are: (1) Did the trial court have authority to consolidate for trial separate indictments against John Fincher, the defendant? (2) If the court had such authority, did it improperly order consolidation?

The defendant was arraigned on two indictments, one for burglary and the other for possession of burglarious tools with intent to commit burglary or larceny. Upon motion of the Commonwealth and over objection of the defendant, the two indictments were consolidated and tried together before a jury. The defendant was found

guilty of both charges and sentenced to the penitentiary for consecutive terms of four years and two years, respectively. He was granted writs of error.

We can dispose of the first question, *i.e.*, whether the trial court had authority to order consolidation, by stating that we see no reason the rule in this type case should differ from the rule applicable where a defendant is charged with separate felonies in several counts of the same indictment. Whether such counts should be tried separately or together is a matter resting within the sound discretion of the trial court. *Bryant* v. *Commonwealth*, 189 Va. 310, 315, 53 S.E.2d 54, 56 (1949). Hence, we adopt the rule of discretion for determining questions of consolidation.

The second question, *i.e.*, whether the trial court improperly ordered consolidation in this case, is answered by holding that the court did not abuse its discretion. From the standpoint of economy of the time of the court, jurors, and witnesses, there was good reason for consolidation. The offenses charged against the defendant arose out of a series of related and connected events. Much the same evidence would have been submitted to the jury in separate trials. The Commonwealth, if consolidation had not been ordered, would have been required twice to secure the presence of a material out-of-state witness.

On the other hand, the defendant has not shown that the consolidation confounded him in his defense or adversely affected his substantive rights. Nor has he shown that trial of the consolidated indictments confused the jury.

Accordingly, the judgments of the trial court will be affirmed.

*Affirmed.*