456 S.E.2d 138

**Joseph Isisah LONG, a/k/a David Munds**

**v.**

**COMMONWEALTH of Virginia.**

**Record No. 2187–93–2.**

Court of Appeals of Virginia,
Richmond.

April 18, 1995.

224

Theodore Tondrowski, Richmond (Bowen & Bowen, on brief), for appellant.

(James S. Gilmore, III, Atty. Gen., Rhonda McGarvey, Asst. Atty. Gen., on brief), for appellee.

Present: MOON, C.J., and COLEMAN and BRAY, JJ.

MOON, Chief Judge.

Appellant, Joseph Isisah Long, a/k/a David Munds (Long), was convicted of three offenses: (1) possession of heroin; (2) possession of a firearm while in possession of heroin (firearm/heroin); and (3) possession of a firearm after having been convicted of a felony (firearm/felony). Although the charges against Long all stemmed from a single transaction, we hold that the trial court erred in refusing to sever the firearm/felony charge from the other two charges because justice required severance under Rule 3A:10(b).

While pursuing Long, the police officer saw Long drop a black object and a silver object near a fence about forty feet from where Long was subdued. The officer returned to where the objects were dropped and found a dark colored gun, a roll of coins wrapped in aluminum foil, and three rounds of "380 ammo." A few minutes later, two rounds of "380 ammo" were found where Long was subdued. Police also discovered heroin in Long's possession when they searched him incident to his arrest.

Prior to trial, Long filed a motion to be tried separately on the firearm/felony charge from the other two offenses. He argued that to try the firearm/felony charge with the others would unduly prejudice him in the minds of the jury by letting them know that he had previously been convicted of a felony, which was irrelevant to the possession of heroin and firearm/heroin charge. We must decide whether, under the circumstances, the trial court erred in denying Long's motion.

A trial court has limited discretion to order an accused to be tried for more than one offense at the same time. Rule 3A:10(b). The court may exercise this discretion only when

justice does not "require separate trials" and (1) the Commonwealth's attorney and the accused consent to the charges being tried together or (2) the offenses meet the requirements of Rule 3A:6(b). Rule 3A:10(b).

*Godwin v. Commonwealth,* 6 Va.App. 118, 121, 367 S.E.2d 520, 521–22 (1988) (other citations omitted).

■ To meet the requirements of Rule 3A:6(b), the offenses must be based on "the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Rule 3A:6(b). A further limitation on the trial court's discretion to try two or more charges together is that "justice does not require separate trials." 3A:10(b).[1] Justice often requires separate trials where highly prejudicial evidence of one of the crimes is not admissible in the trial of the other. *Godwin,* 6 Va.App. at 123, 367 S.E.2d at 522.

■ In this case, the charges against Long met the requirements of Rule 3A:6(b) because they arose from the same transaction. However, justice required that Long be tried separately on the firearm/felony charge.

■ Absent well established exceptions not applicable here, evidence that a defendant has committed crimes other than the offense for which he is being tried is inadmissible. *See Lewis v. Commonwealth,* 225 Va. 497, 502, 303 S.E.2d 890, 892–93 (1983); *King v. Commonwealth,* 217 Va. 912, 914, 234 S.E.2d 67, 69 (1977). Evidence of Long's prior felony conviction would not have been admissible in a trial on the possession of heroin and firearm/heroin possession charges, unless Long put his character or credibility in issue. Long's motive, intent, or knowledge were not at issue. The general scheme exception would also be inapplicable to the charges against Long.

---

1. Effective January 1, 1994, 3A:10(b) became 3A:10(c) due to amendments in the Rules of the Supreme Court.

■ When the jury hears that a defendant has been convicted of a felony, a fact not probative of an element of the offense being tried, the evidence has a tendency to prejudice the defendant in the minds of the jurors. The admission of a felony conviction is suggestive of the defendant's criminal propensity and tends to adversely affect his presumption of innocence. *See Lewis,* 225 Va. at 502, 303 S.E.2d at 893; *Johnson v. Commonwealth,* 3 Va.App. 444, 448, 350 S.E.2d 673, 675 (1986). Such evidence also has a tendency to adversely affect the defendant's sentence, fixed by the jury.

In *Godwin,* we held that because evidence of one robbery was not admissible in the trial of the other robbery, justice required that they not be tried together. *Godwin,* 6 Va.App. at 125, 367 S.E.2d at 523; *see also Essex v. Commonwealth,* 228 Va. 273, 286–87, 322 S.E.2d 216, 224 (1984). Here, the rationale of *Godwin* is apropos. We hold that the trial court's decision to try all of Long's charged offenses together constituted an abuse of its discretion.

■ Although uncontradicted evidence overwhelmingly proved Long's guilt on all of the charges against him, because the jury had broad discretion in fixing the sentences on those charges, we cannot say that trial court's error did not affect Long's sentence. Therefore, the error was not harmless. *See Woodward v. Commonwealth,* 16 Va.App. 672, 676, 432 S.E.2d 510, 513 (1993).

Accordingly, we reverse and remand for further proceedings consistent with our holding.

*Reversed and remanded.*