COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton, Coleman,
     Willis, Elder, Bray, Bumgardner and
        Senior Judge Baker[*]
Argued at Richmond, Virginia


CHARLIE HACKNEY

                                      OPINION BY
v.       Record No. 2165-96-3    JUDGE SAM W. COLEMAN III
                                  SEPTEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Keary R. Williams, Judge

David L. Epling for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Charlie Hackney was convicted in a jury trial of grand

larceny and possession of a firearm by a convicted felon. He

appealed the grand larceny conviction on the ground that the

trial court erred by refusing to sever the charge of possession

of a firearm by a felon from the grand larceny charge, as

required by Rule 3A:10(c) and our holdings in Johnson v.

Commonwealth, 20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995), and

Long v. Commonwealth, 20 Va. App. 223, 226-27, 456 S.E.2d 138,

139 (1995). A majority of a panel of this Court, utilizing a

harmless error analysis as dictated by Kirk v. Commonwealth, 21

---

[*]Judge Baker participated in the hearing and decision of
this case prior to the effective date of his retirement on July
31, 1998 and thereafter by his designation as senior judge
pursuant to Code § 17-116.01.

Va. App. 291, 464 S.E.2d 162 (1995), upheld the grand larceny and firearm convictions, holding that the defendant's election to testify rendered the prior conviction evidence admissible in the grand larceny prosecution and, thereby, rendered harmless the trial court's error in refusing to sever the charges. See Hackney v. Commonwealth, 26 Va. App. 159, 493 S.E.2d 679 (1997). We granted Hackney a rehearing en banc. See Code § 17-116.02(D). Upon rehearing, we hold that, as a matter of policy, we will no longer apply a harmless error analysis to a trial court's clear error in refusing to sever a charge of possession of a firearm by a convicted felon from a related charge or charges as required by Rule 3A:10(c) and our holdings in Johnson and Long. Accordingly, we reverse the grand larceny conviction and remand that charge to the trial court for a new trial.

### BACKGROUND

A grand jury indicted Hackney for grand larceny and possession of a firearm by a convicted felon. Prior to trial, Hackney filed a motion to sever the charge of possession of a firearm by a convicted felon from the other charge, alleging that proof that he had been previously convicted for larceny and burglary was irrelevant and highly prejudicial to the pending larceny charge. The trial judge and defense counsel had the following discussion:

> THE COURT: [T]he Commonwealth is going to ask [the] question, "Have you ever been convicted of a felony or a misdemeanor

- 2 -

involving lying, cheating and stealing?"
They're going to ask that . . . question at
some point during the trial as well.
DEFENSE COUNSEL:  If he takes the stand.

THE COURT:  If he takes the stand.

DEFENSE COUNSEL:  If he takes the stand.

THE COURT:  And the Court certainly can't
rule that out, and under the circumstances,
where possession of these weapons is a part
of the Commonwealth's case, certainly in the
larceny charge and showing the subsequent
possession, I think the Court would have to
overrule Counsel's motion here.

During its case-in-chief, the Commonwealth introduced orders of conviction for three grand larceny and burglary offenses committed by Hackney in order to prove a required element of the firearm charge, namely, that Hackney was a convicted felon. Hackney testified in his defense to the larceny and firearm charges. On cross-examination, the prosecution elicited for impeachment purposes, testimony from him that he had been previously convicted of three felonies.[1] The jury found Hackney

---

[1]For the purpose of impeaching a witness' credibility, the Commonwealth may prove that the witness, including a defendant who testifies, has previously been convicted of a felony, perjury, or a misdemeanor of moral turpitude, and may elicit the number of convictions. See Code § 19.2-269; Sadoski v. Commonwealth, 219 Va. 1069, 1070-71, 254 S.E.2d 100, 101 (1979). The Commonwealth may not impeach a witness/defendant by proving the nature or details of a prior conviction, other than perjury. Id. Where a witness/defendant denies the fact of conviction, the Commonwealth may be permitted to further impeach the defendant by proving the nature and number of prior convictions to the extent necessary to prove that the accused testified falsely concerning the prior convictions. See Powell v. Commonwealth, 13 Va. App. 17, 21, 409 S.E.2d 622, 626-27 (1991).
    In the present case, assuming that Hackney acknowledged the number of his prior felony convictions, as he did, the Commonwealth would not have been entitled to introduce the orders

guilty of grand larceny and possession of a firearm by a convicted felon.

## ANALYSIS

Rule 3A:10(c) provides that when an accused is charged with multiple offenses, "[t]he court may direct that [the] accused be tried at one time for all offenses then pending against him, if justice does not require separate trials . . . ." (Emphasis added). It is well settled that justice requires separate trials under Rule 3A:10(c) "where evidence of one crime is not admissible in the trial of the others." Long v. Commonwealth, 20 Va. App. 223, 226-27, 456 S.E.2d 138, 139 (1995); Johnson v. Commonwealth, 20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995).

Generally, evidence that a defendant has committed crimes other than the offense for which he is being tried is highly prejudicial and inadmissible. See Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 892-93 (1983) (noting that admission into evidence of felony conviction tends to adversely affect the defendant's presumption of innocence because it unfairly prejudices him before the jury). Such evidence confuses the

issues before the jury and tends to prejudice the defendant in
(..continued)
of prior conviction, which included evidence of the nature of the prior offenses and sentences that he received. See Harmon v. Commonwealth, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971); cf. Glover v. Commonwealth, 3 Va. App. 152, 161-62, 348 S.E.2d 434, 440-41 (1986). Therefore, the nature of the evidence presented by the Commonwealth to prove an element of the firearm offense differs in quality and character and prejudicial effect from the fact of a prior conviction that could have been elicited by the Commonwealth for impeachment purposes.

- 4 -

the minds of the jury by showing his or her depravity and criminal propensity. Fleenor v. Commonwealth, 200 Va. 270, 275, 105 S.E.2d 160, 163 (1958). This rule is not without exception. Evidence of other crimes or convictions may be admitted for the purpose of, among other things, impeaching the credibility of a witness, including a criminal defendant, see Code §§ 19.2-268 and -269; see, e.g., Banks v. Commonwealth, 16 Va. App. 959, 963, 434 S.E.2d 681, 683 (1993), attacking a defendant's character on cross-examination, see, e.g., Weimer v. Commonwealth, 5 Va. App. 47, 52-53, 360 S.E.2d 381, 383 (1987), or proving a relevant issue or element of the offense charged, such as motive, intent, common scheme or plan, knowledge or identity. See, e.g., Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); Godwin v. Commonwealth, 6 Va. App. 118, 122-23, 367 S.E.2d 520, 523 (1988); Sutphin v. Commonwealth, 1 Va. App. 241, 245-46, 337 S.E.2d 897, 899 (1985).

In Johnson, we held that the trial court abused its discretion by refusing to sever the charge of possession of a firearm after having been convicted of a felony from charges related to possession of cocaine. 20 Va. App. at 51, 55-56, 455 S.E.2d at 263, 265. We stated:

> To prove the charge of possession of a firearm after being convicted of a felony, the Commonwealth was required to prove that Johnson was a convicted felon. Thus, with respect to that charge . . . evidence of Johnson's prior criminal record [was probative and admissible]. However, the evidence bore no relevance and had no probative value with respect to the charges

> relating to possession of cocaine.  With
> respect to those charges, it served merely
> the purpose of prejudicing Johnson in the
> eyes of the jury, by suggesting to [them]
> that he had a criminal propensity.

Id. at 56, 455 S.E.2d at 265.  Because the evidence of Johnson's prior convictions would have been prejudicial and inadmissible in a separate trial for possession of cocaine, we held that justice required severance of these charges in accordance with Rule 3A:10(c).  Id.  In Long, we reaffirmed Johnson and held that justice required the trial court to sever the charge of possession of a firearm by a convicted felon from charges related to possession of heroin.  20 Va. App. at 226-27, 456 S.E.2d at 139-40.

Similarly, in Kirk, we examined a trial court's failure to sever the charge of possession of a firearm by a convicted felon from charges of robbery and use of a firearm in the commission of a robbery.  There, the defendant elected to testify, and, in an effort to ameliorate the prejudicial impact of the prior convictions evidence and impeachment evidence that might be elicited on cross-examination, he acknowledged on direct examination that he had five prior felony convictions.  Kirk, 21 Va. App. at 294, 464 S.E.2d at 163.  The panel in Kirk distinguished that case from Johnson and Long.  The Court concluded:

> Kirk testified, thus putting his
> character and credibility at issue.  His
> prior felony convictions thereby became
> relevant and admissible for impeachment
> purposes.  Furthermore, Kirk himself

> testified, on direct examination, that he had been convicted of five prior felonies. Although the general rule, enunciated in Johnson and Long requires a severance when proof of one charge requires introduction of evidence that is irrelevant and prejudicial in the trial of another, the development of this case rendered harmless any error that may initially have occurred in denial of Kirk's motion to sever the charges of possession of a firearm while a convicted felon.

Id. at 298, 464 S.E.2d at 165-66 (footnote omitted).

In the present case, a panel of this Court recognized that, as in Kirk, Hackney chose to testify in his own defense. Under principles of stare decisis, see Commonwealth v. Burns, 240 Va. 171, 174-75, 395 S.E.2d 456, 457 (1990), a majority of the panel applied Kirk and held that evidence of Hackney's prior convictions was relevant and admissible to impeach Hackney's credibility, thereby rendering harmless the trial court's error in refusing to sever the charges. Upon rehearing en banc, we hold that, as a matter of policy, we will not condone a trial court's clear error in disregarding our decisions in Johnson and Long by refusing to sever the possession of a firearm by a felon charge predicated on the assumption that an accused will testify and render the error harmless.

The trial court's refusal to sever the charges was clearly erroneous. The holdings in Johnson and Long are clear: under Rule 3A:10(c), unless the Commonwealth and defendant agree to joinder, a trial court must sever a charge of possession of a firearm by a convicted felon from other charges that do not

require proof of a prior conviction.  See Long, 20 Va. App. at 226-27, 456 S.E.2d at 139-40; Johnson, 20 Va. App. at 56, 455 S.E.2d at 265.  Kirk reaffirms the underlying principle of those holdings.  However, the Kirk decision was based on application of the harmless error doctrine upon appellate review.  Harmless error is not a doctrine to be used by the trial court as a basis to disregard the holdings in Long and Johnson and to anticipate that the defendant might testify in his or her own behalf.  In this case, the trial court declined to sever the charges after surmising that Hackney might testify and place his credibility and character at issue, thereby rendering harmless its erroneous decision not to sever.

The harmless error doctrine is applicable only upon appellate review or in the trial court upon consideration of a motion to set aside a verdict.  When applicable, the harmless error doctrine enables an appellate court or a trial court when considering a motion to set aside a verdict to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case.  See Lavinder v. Commonwealth, 12 Va. App. 1003, 407 S.E.2d 910 (1991).  The harmless error doctrine should not be used prospectively by a trial court as a basis to disregard an established rule of law.

Accordingly, we hold that the trial court erred when it refused to sever the charge of possession of a firearm by a convicted felon from the charge of grand larceny.  Under the

circumstances of this case, because the trial court disregarded <u>Johnson</u> and <u>Long</u>, we hold that the trial court's clear error is not rendered harmless by the fact that Hackney testified in his own defense.  We affirm the firearm charge, <u>see</u> <u>Johnson</u>, 20 Va. App. at 56-57, 455 S.E.2d at 265, and reverse the grand larceny conviction and remand the case for a new trial on the grand larceny charge, if the Commonwealth elects to proceed.

<u>Affirmed in part,
reversed in part,
and remanded.</u>