## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Nelson Jimenez-Ventura

December 9, 2002

Case Nos. Cf020574 and Cm020320

BY JUDGE JOHN E. KLOCH

This matter came upon the Commonwealth's motion for joinder of the two counts listed in the November 4, 2002, indictment (Cf020574: assault and battery of a police officer; intimidation of a witness) and the appeal of the Defendant's conviction in Juvenile and Domestic Relations Court (Cm020320: assault and battery of a family or household member). The Defendant also filed a motion to sever the felony counts. After considering the arguments of counsel, I am of the opinion that all three counts should be joined.

According to Rule 3A:10, if the attorneys cannot agree to joinder, multiple charges against an accused may only be joined if the requirements of 3A:6 are met and justice does not require separate trials.

Rule 3A:6(b) states that "Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." The first question for the court, then, is whether the domestic assault, the assault of the police officer, and the intimidation charge (or any combination of any of those) qualify as being either "based on the same act or transaction" or "connected" as part of a "common scheme or plan."

The case law does not provide a particularly explicit definition of "same transaction," but there are numerous cases which apply it. In *Smith v.*

*Commonwealth*, 35 Va. App. 68, 73 (2001), for example, the court held that "[t]he four murders in this case do not meet the 'same act or transaction' requirement because they involved three separate acts which occurred at three different times and places." There is an argument that each charge in the case at bar reflects a distinct act and each certainly occurred at a different time. The temporal breaks are slight, however, and they cannot overcome a conclusion that the acts in the case at bar all flow from the same stream of events.

Having satisfied Rule 3A:6, the next question for the court is whether justice requires separate trials. The Defendant relies on the fact that courts have held that "Justice often requires separate trials where highly prejudicial evidence of one of the crimes is not admissible in the trial of the other." *Long v. Commonwealth*, 20 Va. App. 223, 226 (1995). True enough, it is possible that the fact-finder in this case may be exposed to evidence admissible as to one charge, but inadmissible (even after considering any available exceptions) to another. I believe, however, that the fact-finder is sophisticated enough to be able to separate which evidence is applicable to which count. *See, e.g., Clagett v. Commonwealth*, 252 Va. 79 (1996). The case at bar is not a dense, complicated fifty-count indictment with multiple defendants; a jury could very easily be instructed appropriately.

In addition, judicial economy requires joinder in this case. The Virginia appellate courts have affirmed joinders where multiple trials would require the same or similar evidence:

> In *Fincher v. Commonwealth*, 212 Va. 552, 186 S.E.2d 75 (1972), the Supreme Court held that the trial court did not abuse its discretion in refusing to sever the offenses for trial and said:
> "From the standpoint of economy of the time of the court, jurors, and witnesses, there was good reason for consolidation. The offenses charged against the defendant arose out of a series of related and connected events. Much the same evidence would have been submitted to the jury in separate trials. The Commonwealth, if consolidation had not been ordered, would have been required twice to secure the presence of a material out-of-state witness.
> "On the other hand, the defendant has not shown that the consolidation confounded him in his defense or adversely affected his substantive rights. Nor has he shown that trial of the consolidated indictments confused the jury."

*Ferrell v. Commonwealth*, 11 Va. App. 380, 386-87 (1990). If the court were to sever the charges against the Defendant, resources and witness time would be wasted and much of the same evidence would be repeated at each trial.

It is for these reasons that the Commonwealth's motion to join all three charges is granted and the Defendant's motion to sever is denied.