COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Senior Judge Willis


MICHAEL J. VANHOOK
                                            OPINION BY
v.    Record No. 1018-02-1          JUDGE ROBERT P. FRANK
                                         MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

              (Lyn M. Simmons, on brief), for appellant.
              Appellant submitting on brief.

              (Jerry W. Kilgore, Attorney General; Leah A.
              Darron, Assistant Attorney General, on
              brief), for appellee.  Appellee submitting on
              brief.


     Michael J. Vanhook (appellant) was convicted in a bench

trial of possession of cocaine, in violation of Code § 18.2-250,

possession of a firearm while in possession of cocaine, in

violation of Code § 18.2-308.4, and possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  On appeal,

he contends the trial court erred in trying all three

indictments together.  For the reasons stated, we affirm the

judgments of the trial court.

BACKGROUND[1]

Appellant was indicted for the three offenses stated above, which all arose out of an incident on April 5, 2001 in the City of Newport News.  A bench trial was set.  Appellant filed a Motion for Separate Trials, contending his prior criminal felony record, "while admissible as an element" of one charge, was "irrelevant and prejudicial" to his trial for the possession of cocaine and possession of a firearm while in possession of cocaine.

The trial court conducted a hearing and denied the motion for severance.  The court acknowledged that, if appellant were tried by a jury, severance would be mandatory.  However, the court distinguished a jury trial from a bench trial.  The trial court found he was "perfectly capable of separating all the charges."  The bench trial proceeded, and the trial court found appellant guilty of all charges.

ANALYSIS

Appellant contends the trial court erred in refusing to sever the felon in possession of a firearm indictment from the other two charges.[2]  We disagree.

---

[1] We do not recite the facts of the offenses because those facts are not relevant to this analysis.

[2] In his brief, appellant also contends the evidence was not sufficient to convict.  We did not grant an appeal on this issue, therefore, we do not address sufficiency.  See Code § 17.1-407(D); Rules 5A:12(c) & 5A:15.

Rule 3A:10(c) states:

> The court may direct that an accused be
> tried at one time for all offenses then
> pending against him, if justice does not
> require separate trials and (i) the offenses
> meet the requirements of Rule 3A:6(b)[3] or
> (ii) the accused and the Commonwealth's
> attorney consent thereto.

"'Whether different offenses should be tried separately is a matter that rests within the sound discretion of a trial court. Thus, a trial court's ruling on the matter will not be reversed absent a showing that the court abused it[s] discretion.'" Ferrell v. Commonwealth, 11 Va. App. 380, 386, 399 S.E.2d 614, 617 (1990) (citing Cheng v. Commonwealth, 240 Va. 26, 33-34, 393 S.E.2d 599, 603 (1990)) (citations omitted).

Whether a trial court abused its discretion in refusing to sever charges in a bench trial is a matter of first impression. Our previous jurisprudence has addressed only severance of a felon in possession of a firearm offense in the context of a jury trial.

In Hackney v. Commonwealth, this Court explained:

> It is well settled that justice requires
> separate trials under Rule 3A:10(c) "where

---

[3] Rule 3A:6(b), which addresses joinder of offenses, states:

> Two or more offenses, any of which may be a
> felony or misdemeanor, may be charged in
> separate counts of an indictment or
> information if the offenses are based on the
> same act or transaction, or on two or more
> acts or transactions that are connected or
> constitute parts of a common scheme or plan.

evidence of one crime is not admissible in the trial of the others." Long v. Commonwealth, 20 Va. App. 223, 226-27, 456 S.E.2d 138, 139 (1995); Johnson v. Commonwealth, 20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995).

Generally, evidence that a defendant has committed crimes other than the offense for which he is being tried is highly prejudicial and inadmissible. See Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 892-93 (1983) (noting that admission into evidence of felony conviction tends to adversely affect the defendant's presumption of innocence because it unfairly prejudices him before the jury). Such evidence confuses the issues before the jury and tends to prejudice the defendant in the minds of the jury by showing his or her depravity and criminal propensity. Fleenor v. Commonwealth, 200 Va. 270, 275, 105 S.E.2d 160, 163 (1958). This rule is not without exception.

28 Va. App. 288, 293, 504 S.E.2d 385, 388 (1998) (en banc).

Additionally, in Johnson v. Commonwealth, we said, in the context of a jury trial:

To prove the charge of possession of a firearm after being convicted of a felony, the Commonwealth was required to prove that Johnson was a convicted felon. Thus, with respect to that charge, the trial court was obliged to receive evidence of Johnson's prior criminal record. However, that evidence bore no relevance and had no probative value with respect to the charges relating to possession of cocaine. With respect to those charges, it served merely the purpose of prejudicing Johnson in the eyes of the jury, by suggesting to their minds that he had a criminal propensity.

20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995).

- 4 -

Underpinning the <u>Hackney</u> and <u>Johnson</u> analysis is the concept that, absent well-established exceptions, a defendant's prior crimes are inadmissible because that evidence will unfairly bias a <u>jury's</u> perception of a defendant.  This Court used the same analysis in <u>Long v. Commonwealth</u>.

> When the jury hears that a defendant has been convicted of a felony, a fact not probative of an element of the offense being tried, the evidence has a tendency to prejudice the defendant in the minds of the jurors.  The admission of a felony conviction is suggestive of the defendant's criminal propensity and tends to adversely affect his presumption of innocence.

20 Va. App. 223, 227, 456 S.E.2d 138, 139 (1995).

<u>Hackney</u>, <u>Johnson</u>, and <u>Long</u> do not address severance in a bench trial context.  These cases specifically discuss <u>jury</u> perceptions, although some statements in the cases may suggest a broader applicability.  Appellant claims, analytically, a bench and a jury trial are not different.  We disagree.

Traditionally, courts have drawn a substantial distinction between trial judges and jurors.  Judges are presumed capable of distinguishing "the evidence in one case with that in another," while jurors are given no such presumption.  <u>Mason v. Commonwealth</u>, 219 Va. 1091, 1097-98, 254 S.E.2d 116, 120 (1979); <u>Dove v. Peyton</u>, 343 F.2d 210, 214 (4th Cir. 1965).  This Court has explained why this presumption is applied only in bench trials:

> "A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the

- 5 -

> admissible from the inadmissible, even though he has heard both." Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).  Consequently, we presume that a trial judge disregards prejudicial or inadmissible evidence.  Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc).  Finally, "this presumption will control in the absence of clear evidence to the contrary." [No citation.]

Cole v. Commonwealth, 16 Va. App. 113, 116, 428 S.E.2d 303, 305 (1993).

This Court underscored this distinction in Johnson v. Commonwealth, 12 Va. App. 391, 404 S.E.2d 384 (1991).  Johnson argued "jury verdicts [should] be set aside and a new trial ordered because the sentencing judge read the intake officer's file, which contained an inculpatory statement not admissible at the sentencing hearing."  Id. at 396, 404 S.E.2d at 386.  In that case, we rejected Johnson's argument equating a trial court with a jury, noting that a judge can "'disregard potentially prejudicial comments.'"  Id. at 397, 404 S.E.2d at 387 (citing Smith v. Commonwealth, 239 Va. 243, 268, 389 S.E.2d 871, 884-85 (1990)).  Appellant's contention that the trial court, as the fact finder in this particular case, was prejudiced by knowing appellant was a convicted felon is belied by our jurisprudence.

On a daily basis, trial courts hear evidence admissible for one purpose yet inadmissible for another purpose.  See, e.g., Manetta v. Commonwealth, 231 Va. 123, 127-29, 340 S.E.2d 828, 830-31 (1986) (explaining statements that are inadmissible as hearsay in one context may be admissible for other purposes).  Trial courts regularly listen to proffered evidence to determine

- 6 -

whether that evidence is admissible.  Nonetheless, the courts consider the evidence only in its permissible context.  For example, if the trial court excludes evidence, then, presumptively, the judge does not consider the rejected evidence when ruling on the case.  See Piatt v. Piatt, 27 Va. App. 426, 436, 499 S.E.2d 567, 572 (1998) (where the judge read a greeting card to determine if it contained hearsay before sustaining the objection, "[t]he trial court is presumed to have excluded inadmissible evidence from its consideration, and wife has offered nothing to rebut this presumption").

The trial court in this case specifically said he was "perfectly capable of separating all of the charges."  As in Overton v. Commonwealth, 260 Va. 599, 604, 539 S.E.2d 421, 424 (2000), "we are unwilling to disregard the court's unequivocal statement" that it would consider the charges separately. Nothing in this record rebuts the presumption that the trial court considered only the evidence relevant to each offense when reaching its decisions.  See Cole, 16 Va. App. at 116, 428 S.E.2d at 305 (noting a court is presumed to "disregard[] prejudicial or inadmissible evidence" absent "'clear evidence to the contrary'").

Justice did not require separate trials in this case. Finding the trial court did not abuse its discretion in denying the motion for severance, we affirm.

Affirmed.