COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


RONALD LEE SMITH, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1004-04-1              JUDGE WALTER S. FELTON, JR.
                                                          APRIL 5, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Wiley R. Wright, Jr., Judge

Jeffrey W. Shaw (Dusewicz & Soberick, P.C., on briefs), for
appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Ronald Lee Smith, Jr. (appellant) was convicted by a jury on three indictments of carnal

knowledge of a child under fifteen years of age, in violation of Code § 18.2-63, and on two

indictments of contributing to the delinquency of a minor (consensual sexual intercourse), in

violation of Code § 18.2-371. On appeal, he contends that the trial court erred in denying his

motion to sever the felony offenses from the misdemeanor offenses as joinder was improper under

Rule 3A:6(b), and because justice required separate trials for the indictments involving the different

victims under Rule 3A:10(c). For the following reasons, we hold that the trial court erred but that

the error was harmless. Therefore, we affirm the convictions.

I.

Appellant was indicted on three separate charges of having carnal knowledge of HF, age

fourteen; three charges of contributing to the delinquency of AC, age fifteen (having consensual

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sexual intercourse); and two charges of contributing to the delinquency of NM, age sixteen (having consensual sexual intercourse). The indictments were joined for trial before a jury.

Appellant moved to sever trials on the felony carnal knowledge indictments involving HF from the misdemeanor indictments charging contributing to the delinquency of AC and NM. He argued, "it wouldn't be fair to . . . have the misdemeanors tried with the felonies because I don't believe any of the other people were present on the three occasions shown in the indictments." He further argued that justice required that the indictments be severed pursuant to Rule 3A:10(c).

The Commonwealth argued that joinder of the offenses for a single trial would be proper under the circumstances, stating "[t]he three counts of carnal knowledge all involved [HF], although the first count, the one in February, [NM] and [AC] were witnesses. . . . So it will be almost identical testimony. We're talking about the same time frame. . . . It's all related to the defendant."

The trial court denied appellant's motion to sever, finding that joinder was proper pursuant to Rule 3A:6(b) and that justice did not require separate trials pursuant to Rule 3A:10(c).

II.

Viewed in the light most favorable to the Commonwealth, the prevailing party below, and granting all reasonable inferences fairly deducible therefrom, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), the uncontradicted evidence presented at trial established that, during a period from February 2003 through September 2003, appellant engaged in consensual sexual intercourse with fourteen-year-old HF and with fifteen-year-old AC, and had "sex" with sixteen-year-old NM. Appellant was thirty-seven years old at the time of the offenses.

The evidence consisted of the victims' testimony and of appellant's videotaped interview, a transcript of that interview, and two written statements made by appellant to the police. In the videotaped interview and the written statements, appellant acknowledged that he had sexual intercourse with all three victims in the house he occupied with his teenage wife, her mother, and her grandmother. Appellant stated that he and HF began their consensual sexual activities in February 2003 when HF, his wife's cousin, moved into the house. There she slept in the same bedroom as appellant and his wife. Appellant acknowledged that he knew HF was fourteen years old when these acts occurred and that he knew that it was wrong to have sex with underage girls, though he did not know the age of consent in Virginia or that what he was doing with HF was a felony. Appellant stated that he had sexual intercourse twice with AC, and four times with NM. He also stated that his wife agreed to his having sex with HF, AC, and NM and that she was usually present.

HF testified that she and appellant engaged in consensual sexual intercourse two to three times a week, that appellant's wife had been present, and that AC had also been present on occasion. AC testified that she had consensual sexual intercourse twice with appellant during the spring and summer of 2003 while his wife was present and that she saw HF have sex with appellant on one occasion. NM testified that appellant had consensual "sex" with her two or three times that same summer. She testified that only appellant's wife was present during these incidents.

At the conclusion of the Commonwealth's case-in-chief, the trial court granted appellant's motion to strike the indictments charging sexual intercourse with NM because she testified only that appellant had "sex" with her and that evidence failed to prove sexual intercourse. It also granted appellant's motion to dismiss one of the three indictments charging consensual sexual intercourse with AC because she testified that she had sexual intercourse only twice with appellant.

On the uncontradicted evidence that appellant had consensual sexual intercourse with fourteen-year-old HF and fifteen-year-old AC during the time frame alleged in the remaining indictments, the jury convicted appellant on each of the three felony indictments of carnal knowledge of HF, and on the two misdemeanor indictments of contributing to the delinquency of AC. It fixed appellant's sentence at ten years imprisonment on one conviction of carnal knowledge of HF and at five years imprisonment for each of the other two convictions of carnal knowledge of HF. It also fixed his sentence at twelve months in jail for each of the two misdemeanor convictions of contributing to the delinquency of AC.

### III.

On appeal, appellant contends that the trial court abused its discretion in denying his motion to sever, for separate trials, the indictments charging felony carnal knowledge of HF from the indictments charging misdemeanor contributing to the delinquency of AC and NM. He argues that because the felonies and misdemeanors were not based on the same act or transaction, were not connected, and did not constitute parts of a common scheme or plan, those indictments were impermissibly joined for trial in violation of Rule 3A:6(b). Additionally, he contends that justice required separate trials under Rule 3A:10(c) because the evidence used to prove the misdemeanor indictments would not be admissible in the trial of the felony indictments involving HF.

A trial court may order that an accused be tried at one time for all offenses, pending against him, if (1) "the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan," Rule 3A:6(b), and (2) "justice does not require separate trials." Rule 3A:10(c). Whether different indictments against the same person should be consolidated for trial is a matter that rests within the sound discretion of a trial court. Fincher v. Commonwealth, 212 Va. 552, 553,

- 4 -

186 S.E.2d 75, 76, <u>cert. denied</u>, 409 U.S. 913 (1972); <u>Bryant v. Commonwealth</u>, 189 Va. 310, 315, 53 S.E.2d 54, 56 (1949); <u>Traish v. Commonwealth</u>, 36 Va. App. 114, 129, 549 S.E.2d 5, 12 (2001). A trial court's ruling on joinder will not be reversed absent a showing that it abused its discretion. <u>Fincher</u>, 212 Va. at 553, 186 S.E.2d at 76.

Because we hold that justice required separate trials under Rule 3A:10(c) and that the trial court erred in not granting appellant's motion to sever the indictments for separate trials, it is not necessary to decide whether the charged offenses satisfied the requirements of Rule 3A:6(b). <u>See</u> <u>Commonwealth v. Minor</u>, 267 Va. 166, 177 n.4, 591 S.E.2d 61, 68 n.4 (2004).

IV.

Courts have permitted consolidating separate indictments for a single trial where, from the standpoint of economy of time of the court, jurors, and witnesses, there was a good reason for consolidation, e.g., where the offenses charged against the defendant arose out of a series of related or connected events, and where much of the same evidence would have been admitted in separate trials. <u>Fincher</u>, 212 Va. at 553, 186 S.E.2d at 76.

However, evidence of other offenses is generally inadmissible to prove guilt of the crime for which the accused is on trial, even if the other offenses are of the same nature as the crime charged in the indictment.[1] <u>Minor</u>, 267 Va. at 172, 591 S.E.2d at 65. "This is so because 'such

---

[1] The Supreme Court has recognized exceptions to the principle that evidence of other offenses is generally inadmissible:

> "Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward [the] victim . . . or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes

evidence implicating an accused in other crimes unrelated to the charged offense . . . may confuse the issues being tried and cause undue prejudice to the defendant.'" Id. (quoting Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998)). This Court has previously held that "[j]ustice requires separate trials where the evidence of one of the crimes is not admissible in the trial of the other." Godwin v. Commonwealth, 6 Va. App. 118, 123, 367 S.E.2d 520, 522 (1988) (citations omitted).

> The efficiency promoted by joinder of offenses does not outweigh the harm caused by the introduction of inadmissible evidence of another crime. Such evidence "confuses one offense with the other, unfairly surprises the defendant with a charge he is unprepared to meet, and, by showing that the accused has a criminal propensity, tends to reverse his presumption of innocence."

Id. (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).

The discretion of a trial court to join offenses for trial is limited by the requirements of justice, including avoiding possible undue prejudice that might arise from the cumulative presentation of evidence of multiple offenses. Goodson v. Commonwealth, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996); Long v. Commonwealth, 20 Va. App. 223, 225-26, 456 S.E.2d 138, 139 (1995).

Crimes involving sexual activities with minors are, by their very nature, sensitive and likely to raise strong response, particularly where the ages of the minor victims are significantly younger than the perpetrator's age. Here, at the time of the offenses, appellant was thirty-seven years old. His victims were ages fourteen, fifteen, and sixteen. Had the evidence relating to

---

constitute a part of the general scheme of which the crime charged is a part."

Minor, 267 Va. at 172, 591 S.E.2d at 65 (quoting Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). However, "the legitimate probative value" of such evidence admitted under one of these exceptions "must outweigh its prejudicial effect." Id. (citations omitted).

appellant's activities with the several victims been in dispute, a factor unknown to the trial court before the evidence was presented, in a single trial the jury[2] might well have improperly cumulated the evidence pertinent to the different offenses, either to infer a criminal disposition on the part of the accused, or to find guilt on all offenses when the evidence on an individual offense would be unpersuasive of guilt on that offense. See Fleenor v. Commonwealth, 200 Va. 270, 274-75, 105 S.E.2d 160, 163 (1958) (holding that evidence of different crimes "confuses the issue before the jury . . . and tends to prejudice [the defendant] in the minds of the jury by showing his depravity or criminal propensity").

Here, evidence of appellant's separate offenses with AC and NM was not necessary "to prove any relevant element of the offense[s] charged" involving HF, or necessary to prove "the motive, intent or knowledge of the accused . . . ." Minor, 267 Va. at 172, 591 S.E.2d at 65. In a separate trial involving only the offenses against HF, evidence of appellant's sexual offenses involving NM and AC would do little more than show appellant "was a bad man, likely to commit that sort of crime; and this is precisely what the prosecution is not allowed to show in a criminal case . . . ." Lovely v. United States, 169 F.2d 386, 388 (4th Cir. 1948). Accordingly, we find the trial court abused its discretion by not granting appellant's motion to sever, for separate trials, the felony indictments involving HF from the misdemeanor indictments involving AC and NM. Rule 3A:10(c).

V.

Although we find the court abused its discretion in failing to grant appellant's motion to sever, that finding does not end our analysis. We will not reverse unless that error affected a

---

[2] In Vanhook v. Commonwealth, 40 Va. App. 130, 578 S.E.2d 71 (2003), we noted that where multiple offenses are joined for a single trial before the trial judge sitting as trier of fact, the trial judge is "presumed capable of distinguishing 'the evidence in one case with that in another,' while jurors are given no such presumption." Id. at 134, 578 S.E.2d at 73 (quoting Mason v. Commonwealth, 219 Va. 1091, 1097-98, 254 S.E.2d 116, 120 (1979)).

substantive right of the accused at trial. Foster v. Commonwealth, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988).

In cases where no constitutional error is alleged, Code § 8.01-678 provides that no judgment of a trial court will be reversed for any error committed at trial where it "plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached . . . ." This statutory provision has been applied in criminal as well as civil cases. See, e.g., Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997).[3]

"The harmless error doctrine 'enables an appellate court . . . to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case.'" Burley v. Commonwealth, 29 Va. App. 140, 149, 510 S.E.2d 265, 269-70 (1999) (quoting Hackney v. Commonwealth, 28 Va. App. 288, 296, 504 S.E.2d 385, 389 (1998) (*en banc*)). "An error [in joining separate offenses for trial] is harmless when a 'reviewing court, can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.'" Id. at 149, 510 S.E.2d at 270 (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)); see also Purvis v. Commonwealth, 31 Va. App. 298, 307-08, 522 S.E.2d 898, 902 (2000) (noting that a harmless error does not require reversal). In Clay v. Commonwealth, 262 Va. 253, 546 S.E.2d 728 (2001), the Supreme Court held that:

> In a criminal case, it is implicit that, in order to determine whether there has been "a fair trial on the merits" and whether "substantial justice has been reached," a reviewing court must decide whether

---

[3] See also Rule 3A:2(a) ("Errors, defects, irregularities or variances that do not affect substantive rights shall not constitute reversible error.").

> the alleged error substantially influenced the jury. If it did not, the error is harmless.

Id. at 259, 546 S.E.2d at 731 (quoting Code § 8.01-678).

In determining whether an error is harmless, we review "'the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues.'" Charity v. Commonwealth, 24 Va. App. 258, 265-66, 482 S.E.2d 59, 62 (1997) (quoting Lavinder, 12 Va. App. at 1007, 407 S.E.2d at 912). "Non-constitutional error is harmless [w]hen it plainly appears from the record and the evidence given at the trial that, . . . 'had the error not occurred, the verdict would have been the same.'" Id. (quoting Lavinder, 12 Va. App. at 1005-06, 407 S.E.2d at 911) (internal citations omitted).

We conclude from our review of the record that the verdicts of guilty in this case would have been the same, notwithstanding the trial court's error, as the evidence of appellant's guilt on each indictment was overwhelming and uncontradicted. See id. at 266, 482 S.E.2d at 62. Appellant did not challenge the admissibility of his videotaped interview detailing his sexual activities with each of the victims, nor of the transcript of that interview or his written statements to the police once portions of the videotape and statements were redacted to exclude matters relating to offenses against another minor not set for trial with these indictments.

During trial, appellant conceded, in effect, that his defense was limited to a mitigation strategy. His sole line of inquiry on cross-examination of the victims was whether the sex acts were voluntary and consensual. In his opening statement, appellant's counsel argued, "It is true that [appellant] is guilty of some of these charges. He was involved in sexual activity with the girls, but there was no force used, no threats used. It was entirely consensual and it was entirely their choice to be with him." Moreover, appellant's closing argument consisted of his asking the jury to give "a fair and reasonable disposition of the case." He pleaded with the jurors to "consider that all of the activities involved were consensual" and that "[a]ll of the girls were

there of their own choosing." He appealed to the jury "to consider whether convictions on all charges is necessary to adequately punish the defendant." He told the jury that "[t]he only factor is unfortunately their ages," and "[a]ll the girls appeared to be quite mature." His only argument as to the sufficiency of the evidence related to whether HF testified that intercourse occurred on all three occasions charged. HF's uncontradicted testimony was that she had sexual intercourse with appellant as charged in the indictments and that she was fourteen years old at the time. AC's uncontradicted testimony was that she had sexual intercourse on two occasions charged in the indictments and that she was fifteen years old at the time. Appellant's videotaped and written statements corroborated the testimony of the two girls.

Here, "appellant has not shown that consolidation [of the indictments for trial] confounded him in his defense, confused the jury or adversely affected his substantive rights." Ferrell v. Commonwealth, 11 Va. App. 380, 387, 399 S.E.2d 614, 618 (1990). We cannot find anything in the record that indicates "appellant's defense to [any of the charges] would have been altered in any respect if he had been granted separate trials." Id. We therefore conclude that joinder of the offenses for trial did not affect the jury's verdict of guilt on any of the indictments.

## VI.

Appellant also correctly argues that an error is not harmless if it affected the jury's determination of his sentence. See Long, 20 Va. App. at 227, 456 S.E.2d at 140. On appeal, he argues that evidence of his sexual conduct with the three minor victims was unduly prejudicial and, therefore, could have only negatively influenced the jury in fixing his sentence.

During the sentencing phase, the jury heard evidence of appellant's prior felony convictions for raping a fourteen-year-old girl in 1991 and for making sexually explicit videos of a minor in 1988. These convictions were properly admitted into evidence pursuant to Code

§ 19.2-195.2,[4] and would have been admissible at sentencing even if there had been separate trials for each victim. The jury was instructed that, if it found beyond a reasonable doubt that appellant had previously been convicted of rape, it should sentence him to a mandatory term of ten years on each of the felony convictions for carnal knowledge of HF.[5] In his argument at the sentencing hearing, appellant's counsel asked the jury not to sentence appellant to the maximum sentence on each of the carnal knowledge convictions, given HF's consent to the sexual intercourse. He argued to the jury, "that the facts of this case do not warrant the 30-year sentences and [I] ask you to sentence within the two to ten year range." The jury did as he requested.

Despite the evidence of appellant's prior felony convictions involving sexual offenses against minors, the jury fixed his sentence at ten years imprisonment on only one of the three felony carnal knowledge convictions, and at five years on each of the other felony convictions. It fixed his sentence at twelve months imprisonment for each of the two misdemeanor convictions.

Applying the harmless error test described above, "we can say, 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole,' that it plainly appears that [appellant] had a fair trial" and that the sentencing verdict was not "substantially affected" by the trial court's failure to sever, for separate trials, the indictments charging the offenses against the separate victims. Clay, 262 Va. at 261, 546 S.E.2d at 732.

---

[4] In pertinent part, Code § 19.2-195.2 provides that, during the sentencing phase of a trial by jury, "the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction."

[5] The Commonwealth provided timely notice to appellant, pursuant to Code § 18.2-67.5:2, that, as a result of his prior convictions of sexual offenses, it intended to seek the mandatory maximum punishment of ten years imprisonment on each indictment of carnal knowledge of HF.

After convicting appellant, age thirty-seven, of sexual offenses involving fourteen and fifteen-year-old girls, the jury learned that appellant had been previously convicted of rape of a fourteen-year-old girl and of making sexually explicit visual materials of another minor. That same evidence would have also been admissible for sentencing had the indictments been severed for separate trials. Considering the totality of the circumstances and the weight of the Commonwealth's sentencing evidence, we cannot conclude that the joinder of the offenses for trial substantially affected the jury's sentencing verdicts given the uncontradicted evidence of appellant's prior felony convictions of sexual offenses with minors. We, therefore, conclude that the trial court's error in failing to grant appellant's motion to sever was also harmless as to the jury's sentencing verdict.

VII.

From the record before us, we find that the trial court erred in failing to grant appellant's motion to sever under Rule 3A:10(c). However, we hold that any error in joining the indictments for a single trial before a jury did not substantially affect its verdict, either in determining his guilt on each of the indictments or in its fixing his sentences.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.