## CIRCUIT COURT OF ORANGE COUNTY

Bobbie Wade Richards

v.

Gregory Holloway

June 11, 2015

Case No. CL14-000107-00

By Judge Daniel R. Bouton

The court has reviewed in its entirety the record in the above referenced case. The written arguments submitted by counsel have also been evaluated. Finally, the court has studied the cases and the authorities cited by both sides. For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

*Analysis*

The principles of law that apply to the case were clearly established in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed, the petitioner must first prove that his counsel made errors so serious in nature that counsel was not functioning in a manner consistent with the defendant's Sixth Amendment rights. This is often referred to as the "ineffective assistance" prong of *Strickland*. Next, if Richards establishes that counsel was ineffective, he must then prove that but for the errors of his counsel, there is a reasonable probability that the result would have been different. This is often described as the "prejudice" prong of *Strickland*. Finally, all of the claims must be proven by a preponderance of the evidence. *Nolan v. Peyton*, 208 Va. 109 (1967).

Furthermore, in evaluating counsel's performance, the court must give consideration to a number of other important principles of law. First, the court analyzes the facts of the case and views them at the time of counsel's conduct. *Murray v. Griffith*, 243 Va. 384 (1992). In doing so, the court does not grade counsel's performance. Rather, the petitioner has a

Sixth Amendment right to have professional assistance within the range of competence required of attorneys in criminal cases. This general right must be applied to the specific claims made by him in this case. *Shaikh v. Johnson*, 276 Va. 537 (2008). Finally, the court takes into account all of the circumstances of the case in evaluating counsel's performance. *Bullock v. Carver*, 297 F.2d 1036 (10th Cir. 2002). This includes not only the allegations about what counsel should have done; it also includes what counsel actually did.

The court will address the petitioner's claims in light of the above referenced principles. Nevertheless, it should be noted that counsel agreed to present oral argument on only two of the petitioner's claims. Therefore, in this letter opinion, the court will limit its discussion to those specific issues.

## The Severance of the Firearm Charge

Here, the petitioner's argument is premised on the procedural choices that were made in connection with how the charges were ultimately tried. The petitioner asserts that counsel was ineffective because he failed to request a separate trial for the firearm possession charge. He relies on the rationale of *Hackney v. Commonwealth*, 28 Va. App. 288 (1998). There, the Court of Appeals reversed the trial judge for refusing to grant the defendant's motion that his firearm possession charge be tried separately. As a result, the defendant was convicted of grand larceny and possession of a firearm as a convicted felon in a single trial. The Court of Appeals found that denying the defendant's motion for severance was prejudicial because the defendant's prior felony record was admitted at trial. In support of its decision, the court explained that this evidence would prejudice the jury because it had no relevance or probative value with respect to the charge of grand larceny.

In this case, however, the court finds that the decision to try all of the charges in a single proceeding does not constitute ineffective assistance of counsel under the *Strickland* test. To begin with, simply because the petitioner had the right to a separate trial on the firearm charge does not mean that he had to make such a request. Rather, the decision not to sever the charges was reasonable under the circumstances of this case. Separate trials would have meant more than one jury; this could have resulted in two separate punishment proceedings. In turn, this could have resulted in punishments that were more serious than the ones that stemmed from the single trial in this case. On this point, as noted by the Attorney General, the actual punishments in the present case were far below the maximum punishments that the jury could have recommended. This supports the assertion that a single trial on all of the charges was a reasonable strategy to follow. At the very least, the jury's exercise of its discretion to recommend far less punishment than what was available supports the argument of the

Attorney General that the petitioner has not met his burden of proving that counsel was ineffective in allowing all of the charges to be tried in a single proceeding.

Furthermore, it should be noted that this was a case in which the petitioner presented an alibi defense. As part of his case, he exercised his right to testify that he was not present at the time and place the offenses were committed. Once he decided to take the witness stand, the petitioner knew that the jury would learn that he had previously been convicted of multiple felonies. As a result, severance would not have protected the petitioner from the potentially damaging impact of his prior felony record. Such evidence was before the jury because he chose to testify. Moreover, in contrast to what occurred in *Hackney*, the case before the court is not one in which the defendant was forced to make a decision about testifying after the trial judge committed reversible error by refusing to grant the request to sever the charges. Rather, the defendant here agreed to try all of the charges in a single trial and then chose to testify at that trial. Under all of these circumstances, counsel was not ineffective by failing to insist on separate trials.

Finally, the record here fails to satisfy the second prong of *Strickland*. There is no basis for the court to conclude that any prejudice resulted to the petitioner because his counsel did not request separate trials. There is no reasonable probability that the resolution of the charges against the petitioner would have been different or more favorable to him had there been two separate trials. The court would have to guess or speculate to find that such an outcome would have occurred. Thus, even if counsel was ineffective in not asking for severance, the record contains no evidence from which the court can conclude that the petitioner was prejudiced.

### The Disputed Jury Instruction

On this issue, the court finds persuasive the arguments made by the Attorney General in his motion to dismiss. Such arguments are incorporated by reference in support of the court's ruling. In particular, the court finds that the instruction that was given in the petitioner's criminal trial is analogous to the one that was approved by the Virginia Supreme Court in the case of *Bruton v. Commonwealth*, 63 Va. App. 210 (2014). In particular, the instruction did not invite the jury to speculate or engage in conjecture regarding the petitioner's future behavior. On this point, it should be noted that, regardless of what verdicts were reached on punishment, the jurors knew at the time that they asked their question that they were required to recommend that the petitioner receive long periods of incarceration on most of the charges. The only additional information provided to the jury by the court in its instruction was to advise them that the question they had asked would be addressed in the future at a formal sentencing hearing. This in no way modified or changed the court's clear directive that they not concern

themselves with this and that they impose the punishments that they felt were just under the evidence and within the instructions of the court. Therefore, based on the limited additional information contained in the instruction, there was no possibility that the jury would act on misconceptions about their punishment decisions. *Fishback v. Commonwealth*, 260 Va. 104 (2000).

In addition, aside from whether all of the wording of the instruction was appropriate, there is nothing in the record to establish that the petitioner was prejudiced by it. At the time he testified at trial, he had accumulated at least eight prior felony convictions. His criminal record was extensive. All of this evidence was before the jury when the question of punishment was deliberated. Two of the offenses for which the petitioner was convicted, robbery and the use of a sawed off shotgun in a crime of violence, carried the possibility of life sentences. The sentences recommended by the jury, however, were far less than the maximum punishments authorized by law. There is nothing about the punishment verdicts that would suggest that the jury was in any way confused. Moreover, nothing establishes that their decisions were the result of any speculation. Nothing demonstrates that the defendant was prejudiced by the instruction.

### The Remaining Claims of the Petitioner

As noted previously, there were several claims addressed in the petition and the motion to dismiss that were not argued at the hearing that was conducted on April 30th. The court agrees with the position taken by the Commonwealth on these claims. The court adopts the arguments contained in the motion to dismiss in support of its ruling. Therefore, the court finds that these claims find provide no basis for habeas corpus relief.

### Conclusion

The petition for a writ of habeas corpus will be denied.