COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


STEPHEN JAMES PURVIS
                                        OPINION BY
v.    Record No. 2878-98-1        JUDGE LARRY G. ELDER
                                     JANUARY 11, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

            Fabio Crichigno (Office of the Public
            Defender, on brief), for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General; H.
            Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


     Stephen James Purvis (appellant) appeals from his bench

trial convictions for two counts of statutory burglary and one

count of petit larceny.  On appeal, he contends that the trial

court erroneously denied his motion to sever unrelated offenses

for trial under Rule 3A:10 and that this refusal constituted

reversible error.  We agree that the refusal to sever was error

but hold that the error was harmless.  Therefore, we affirm

appellant's convictions.

                              I.

                            FACTS

     On July 6, 1998, a Virginia Beach grand jury charged

appellant, in multiple counts of the same indictment, with one

count of statutory burglary occurring in September 1997 and one count each of statutory burglary and grand larceny occurring in November 1997.  All counts were set for trial on September 14, 1998.

On the morning of trial, appellant moved to sever the September 1997 burglary charge from the November 1997 burglary and grand larceny charges.  He argued that two months had passed between the offenses, that they involved different witnesses and different evidence, and that joinder would cause "overwhelming prejudice" to appellant.  The trial court commented that appellant's argument would "be more reasonable" if a jury were involved and said, "We do this all the time in . . . bench trials."  He then gave appellant's counsel thirty minutes to "get [the court] compelling argument or case law why [the court] should sever this."

When court reconvened about an hour later, appellant cited to the court Godwin v. Commonwealth, 6 Va. App. 118, 367 S.E.2d 520 (1988), arguing that its holding required severance in appellant's case.  The trial court observed that Godwin involved a jury trial rather than a bench trial, and when appellant's counsel and the prosecutor said the only other cases they found requiring severance also involved jury trials, the trial court denied appellant's motion for severance.

The substantive evidence offered at trial established that on September 21, 1997, Patricia Corey discovered that the office

-

of her employer, Veda, Incorporated, a government contractor, had been broken into. Her locked filing cabinet had been forced open with a screwdriver or crowbar, but nothing was missing. In an adjoining suite, she discovered that a locked cash box had been broken into and $90 to $100 removed from it.

On November 17, 1997, Shelly Smith Flood discovered that the office of her employer, dentist Theodore R. Smith, Jr., had been broken into. The front door had been damaged and was ajar, and the cash box was out of place. Missing was an envelope, addressed to Dr. Smith, that contained five 100-stamp rolls of first-class postage stamps.

On November 18, 1997, Detective R. J. Mlinscek questioned appellant about a series of larcenies and eventually arrested him at the request of a neighboring jurisdiction. Pursuant to that arrest, Mlinscek inventoried appellant's car, in which he found a crowbar, a screwdriver, and the envelope containing postage stamps and addressed to Dr. Theodore Smith which had been taken from Smith's office. Officer H. W. Holmes took appellant's fingerprints. At Detective Mlincsek's request, Holmes compared appellant's fingerprints to the prints obtained from Patricia Corey's damaged filing cabinet and determined that they matched.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the September 1997 burglary charge and argued the motion, which the trial court denied. Appellant then made a

-

separate motion to strike the November 1997 burglary and larceny charges.[1]  In arguing the motion to the trial court, appellant emphasized that the November 1997 burglary charge was "separate" from the September 1997 burglary and referred to them as "two distinct cases."  The trial court also denied the second motion.  Appellant offered no evidence and renewed his motions to strike, which were again denied.  Both appellant's counsel and the prosecutor then made closing arguments, and the trial court found appellant guilty of both burglary counts and petit larceny.

## II.

## ANALYSIS

## A.

## JOINDER OF OFFENSES FOR TRIAL

Rule 3A:10(c) provides that "[t]he court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto."  Rule 3A:10(c) (emphasis added).  This rule provides the "trial court [with] limited discretion to order an accused to be tried for more than one offense at the same time."  Godwin v.

---

[1] The Commonwealth agreed that the evidence did not prove the value of the stamps exceeded $200 and conceded that the grand larceny charge should be reduced to petit larceny.

-

<u>Commonwealth</u>, 6 Va. App. 118, 121, 367 S.E.2d 520, 521 (1988).[2]

Where an accused does not consent to having the charges tried together, the trial court may "not try them together unless the offenses [meet] the criteria of Rule 3A:6(b) and justice [does] not require separate trials."  <u>Id.</u> at 121, 367 S.E.2d at 522.

To meet the requirements of Rule 3A:6(b), the offenses must be "based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan."  Whether the trial is a jury trial or a bench trial is irrelevant to the question of whether the offenses meet the criteria of Rule 3A:6(b).

In appellant's case, the trial court did not specifically discuss the requirements of Rules 3A:10(c) or 3A:6(b), and it appears to have made its decision based solely on the fact that no jury was involved.  Appellant represented that the offenses involved "two different dwellings and/or businesses," "two remote places in time" almost two months apart, as well as different witnesses and different evidence.  The Commonwealth made no argument to the contrary, either at trial or on appeal, and the trial court made no finding to the contrary. Nevertheless, we examine whether the offenses fall into any of

---

[2] <u>Godwin</u> was decided under Rule 3A:10(b).  Rule 3A:10 was amended January 1, 1994, and former subsection (b) was redesignated as subsection (c).  The amendment effected no substantive change in the part of the rule at issue in this case.

-

the three categories listed in Rule 3A:6(b) -- whether they were "based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan."

Two offenses do not meet the "same act or transaction" requirement if "each [offense] was a separate act which occurred at a different time and place." Godwin, 6 Va. App. at 122, 367 S.E.2d at 522 (two robberies). Because the two burglaries for which appellant was indicted were separate acts which occurred at different places almost two months apart, they do not constitute the "same act or transaction."

Two offenses do not "arise out of 'two or more acts or transactions that are connected'" if "[t]hey occur[] on different days, at different places, and no evidence link[s] or connect[s]" one offense with the other. Id. In Godwin, we held that two robberies of two different Flowers Bakery stores within five days and three and one-half miles of each other, where "[t]he method of each offense was similar, but not unusual," did not meet this test. Id. at 120, 122, 367 S.E.2d at 521, 522.

In appellant's case, the burglaries were of two different types of businesses -- a government contractor's office and a dentist's office -- and occurred almost two months apart. Although both involved movement of the business's cash box, the perpetrator took different items in each instance -- cash in one and postage stamps in the other. Both burglaries may have

-

involved the use of a crowbar, but one involved prying open a locked filing cabinet and a cash box while the other involved opening an office door.  Here, as in Godwin, any similarities in the methods employed in each burglary were "not unusual," and the transactions were not "connected" within the meaning of Rule 3A:6(b).

Thus, the burglaries met the requirements for joinder only if they "constitute[d] parts of a common scheme or plan."  The evidence does not support a finding that they did.

> A "common plan" exists when the "relationship among offenses . . . is dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses."  A conspiracy involving more than one offense is a typical example of offenses involving a common plan. Offenses using a "common plan," however, should be "distinguished from similar character offenses (where the offenses merely duplicate each other)."

Id. at 122-23, 367 S.E.2d at 522 (citations omitted); see also Ferrell v. Commonwealth, 11 Va. App. 380, 389-90, 399 S.E.2d 614, 619 (1990) (in upholding joinder of offenses for trial under Rule 3A:6(b), noting that offenses "'need not bear . . . an exact resemblance'" but must "'"bear a singular strong resemblance"'" . . . , thus tending to establish the probability of a common perpetrator") (quoting United States v. Hudson, 884 F.2d 1016, 1021 (7th Cir. 1989) (citation omitted)).

-

Here, as in Godwin, "there was no evidence of conspiracy or other common plan underlying the two [offenses]." Godwin, 6 Va. App. at 123, 367 S.E.2d at 522. Any factual similarities in the two offenses "did not show the existence of a plan tying the offenses together," and any conclusion that the factual similarities permitted a finding that "[the offenses] were committed by the same persons as part of a plan [would be] speculative." Id.; see also Satcher v. Commonwealth, 244 Va. 220, 230 n.6, 421 S.E.2d 821, 828 n.6 (1992) (holding that case involving two attempted rapes and robberies, which occurred within a few yards and one-half hour of each other and involved forcible removal of the victims from a bicycle path, "constituted parts of a common scheme or plan" and was distinguishable from Godwin, in which "the two robberies in issue occurred five days and three and one-half miles apart and 'no evidence linked or connected the one robbery with the other'") (citation omitted).

Because the two burglaries did not meet the requirements of Rule 3A:6(b),[3] joinder of the burglaries for trial was improper under Rule 3A:10(c). Therefore, we hold that the trial court erred in denying appellant's severance motion.

---

[3] Appellant challenges only the joinder of the offenses for trial and does not challenge the inclusion of multiple counts in the indictment itself.

-

B.

HARMLESS ERROR

Although the trial court erred, the error does not necessarily require reversal. See, e.g., Charity v. Commonwealth, 24 Va. App. 258, 264-65, 482 S.E.2d 59, 62 (1997). Rule 3A:2(a) provides specifically that "[e]rrors, defects, irregularities or variances that do not affect substantive rights shall not constitute reversible error." See Foster v. Commonwealth, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988). Because appellant alleges only a violation of Rule 3A:10, we apply the standard for determining whether non-constitutional error is harmless.

Non-constitutional error is harmless "[w]hen it plainly appears from the record and evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678; see Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). To determine whether an error is harmless, we "must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues." Lavinder, 12 Va. App. at 1007, 407 S.E.2d at 912.

Ordinarily, error in refusing to sever offenses is harmless if evidence related to each of the counts would have been admissible in a separate trial of any of the other counts. See

-

Hackney v. Commonwealth, 28 Va. App. 288, 292-96, 504 S.E.2d 385, 388-90 (1998) (en banc) (acknowledging general principle but holding policy requires that knowingly erroneous decision not to sever remains harmful and, therefore, reversible error if the only thing that renders the other conviction admissible is defendant's subsequent decision to testify); cf. Foster, 6 Va. App. at 323, 369 S.E.2d at 694 (holding that misjoinder of offenses in indictment would not constitute a "substantive" error requiring reversal if evidence of each count would be admissible in separate trial of other count); Godwin, 6 Va. App. at 123, 367 S.E.2d at 522 (holding that "justice does not require separate trials" under merits analysis of Rule 3A:10(c) where evidence satisfies this same admissibility test).

Conversely, such error may not be harmless if evidence related to each of the counts would have been inadmissible in a separate trial of any of the other counts. This is so because, in a jury trial, "the introduction of inadmissible evidence of another crime . . . 'confuses one offense with the other, . . . and, by showing that the accused has a criminal propensity, tends to reverse his presumption of innocence.'" Godwin, 6 Va. App. at 123, 367 S.E.2d at 522 (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)). However, "in a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence, and this presumption will

-

control in the absence of clear evidence to the contrary."[4]  Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) (citation omitted).

We recently held that "[t]he harmless error doctrine should not be used prospectively by a trial court as a basis to disregard an established rule of law."  Hackney, 28 Va. App. at 269, 504 S.E.2d at 389.  In Hackney, we refused to apply harmless error analysis to a jury conviction where our prior decisions rendered erroneous the decision of the trial court not to sever charges for possession of a firearm by a convicted felon from other related charges.  See id. at 293-96, 504 S.E.2d at 388-89.  We did so because the trial court implicitly acknowledged its awareness of the relevant legal rule and that its refusal to sever was error but "surmis[ed] that [the accused] might testify and place his credibility and character at issue, thereby rendering harmless its erroneous decision not to sever."  Id. at 295, 504 S.E.2d at 389.  Compare id. with Charity, 24 Va. App. at 264-67, 482 S.E.2d at 62-63 (applying

_____

[4] Further supporting the reliability of this principle is the fact that, although joinder of two unrelated offenses in the same bench trial may constitute error under the Rules, no statute, rule or common law principle prevents the same judge from trying the same defendant, in immediate succession, for multiple unrelated charges, each of which would be inadmissible at the trial of the other charges.  Holding that one judge's trying multiple unrelated offenses in a bench trial presumptively constitutes reversible error while holding that the same judge's trying the same offenses separately but in rapid succession presumptively is not error would be to exalt form over substance.

-

harmless error doctrine where record contained no indication, other than representations of defense counsel, that court knew its refusal to allow counsel to voir dire prospective jurors directly rather than through court violated Code § 8.01-358 and holding that error was rendered harmless because trial court asked jurors all questions proffered by defense counsel).

Therefore, we hold that the erroneous refusal to sever offenses is harmless in a bench trial absent clear evidence that the trial court (1) considered inadmissible evidence in convicting the accused of the charged offenses, see Hall, 14 Va. App. at 902, 421 S.E.2d at 462, or (2) used the "harmless error doctrine . . . prospectively . . . as a basis to disregard an established rule of law," Hackney, 28 Va. App. at 269, 504 S.E.2d at 389. Upon a thorough review of the record under this standard, we hold "that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.

First, no evidence suggests that the trial court considered inadmissible evidence in convicting appellant of either of the two burglaries. The evidence regarding each offense was brief. Appellant's counsel argued the evidence of each offense separately, and he specifically asked the trial court to "separate" the evidence and consider the burglary counts as "two distinct cases." Finally, the trial court made no statements to indicate that it considered evidence of one burglary in

-

convicting appellant of the other burglary, and on appeal, appellant poses no challenge to the sufficiency of the evidence to support each conviction.  Therefore, we apply the presumption that the trial court considered only admissible evidence in convicting appellant of each offense.

Furthermore, the record contains no indication that the trial court used a harmless error analysis prospectively as a basis for denying appellant's motion to sever under Rule 3A:10. The trial court specifically observed, "We do this all the time in . . . bench trials," and gave no indication that it believed such a practice violated the rules of court.  In short, the trial court simply erred as a matter of law in believing that trying the cases before a judge rather than a jury made joinder lawful.  Therefore, we conclude that the trial court's actions did not violate the policy set out in Hackney.

For these reasons, we hold that the trial court erred in refusing appellant's motion to sever but that the resulting error was harmless under the facts of this case.  Therefore, we affirm appellant's convictions.

Affirmed.