COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


AN TRONG TRAN

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 2565-02-4            JUDGE JEAN HARRISON CLEMENTS
                                              APRIL 27, 2004

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Arthur B. Vieregg, Judge

         Herman M. Sawyer, Jr., for appellant.

         Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
         Attorney General, on brief), for appellee.


        An Trong Tran was convicted in a jury trial of malicious wounding, in violation of Code

§ 18.2-51.  On appeal, he contends the trial court erred in (1) granting the Commonwealth's jury

instruction as to the elements of malicious wounding and (2) finding the evidence sufficient, as a

matter of law, to sustain a conviction for malicious wounding.  For the reasons that follow, we

affirm the conviction.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

The relevant facts in this case are not in dispute.  At approximately 2:00 a.m. on July 29, 2001, Gerald Rodriguez was waiting with three friends to be seated in an International House of Pancakes restaurant in Fairfax County, when Tran entered the restaurant arguing with someone on his cellular phone.  Tran, who was previously unknown to Rodriguez and his friends, bumped into one of Rodriguez's friends.  Rodriguez's friend and Tran exchanged some words, and Tran said, "Let's take it outside."  Tran then left the restaurant.  Rodriguez and his friends did not go outside.

Soon thereafter, while two of his friends were in the bathroom, Rodriguez and a female friend were seated at a table.  Tran then came back into the restaurant and sat across the table from Rodriguez, next to Rodriguez's female friend.  Rodriguez, who had never threatened Tran or touched him, asked Tran what was going on.  Tran stood up, picked up a metal knife and fork that were on the table wrapped in a napkin, and "stabbed [Rodriguez] under the eye."  Tran ran out of the restaurant.  The restaurant manager, who described Tran as being "angry," called the police.

As a result of the stabbing, Rodriguez had "three holes and . . . one cut" on the right side of his face "very close to the eye."  Seeing he was bleeding, a waitress brought Rodriguez a wet towel.  The restaurant manager, who described Rodriguez's injury as "a superficial wound," brought him a bandage.  An ambulance arrived, and the rescue squad administered first aid to Rodriguez inside the ambulance.  They "cleaned up the blood" and put a fresh bandage on the wound.  Not believing the injury was "serious enough to have to pay for it," Rodriguez did not seek further medical treatment for his wound, although he did miss some work "because it was hurting [him] a lot."  The injury took "[t]hree or four weeks, almost a month" to heal.  At trial,

which was held a year after the stabbing incident, Rodriguez stood near the jury during cross-examination to allow Tran's attorney to show the jury where the wound had been inflicted.

At the conclusion of the Commonwealth's presentation of evidence at trial, Tran presented no witnesses and moved to strike the Commonwealth's evidence as to the charge of malicious wounding. The Commonwealth's evidence, he argued, was insufficient to convict him of the felony offense of malicious wounding because there was no evidence he had the intent to *permanently* maim, disfigure, or disable the victim, as required by the Supreme Court's decision in Lee v. Commonwealth, 135 Va. 572, 115 S.E. 671 (1923). Accordingly, he concluded, the case should be allowed to proceed only on a misdemeanor charge of assault and battery. Finding that "thrusting a knife close to someone's eye" was sufficient to show the requisite intent, the trial court denied the motion to strike.

Tran then objected to the Commonwealth's proposed jury instruction on malicious wounding, which was based on the Model Jury Instructions and stated, in relevant part, as follows:

> The court instructs the jury that the defendant is charged with the crime of malicious wounding. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant wounded Gery Rodriguez; and
>
> (2) That such wounding was with intent to maim, disfigure, disable or kill Gery Rodriguez; and
>
> (3) That the act was done with malice.

Tran argued the instruction was improper as submitted because, pursuant to Lee, it had to state that the wounding was with intent to *permanently* maim, disfigure, disable, or kill the victim. Thus, he requested that the proposed instruction be modified to include the word "permanently." The trial court overruled Tran's objection and gave the instruction to the jury as submitted. The

- 3 -

trial court also instructed the jury that it "may infer that every person intends the natural and probable consequences of his acts."

The jury found Tran guilty of malicious wounding, in violation of Code § 18.2-51. While the jury was deliberating during the sentencing phase of the trial, Tran renewed his motion to strike the evidence and moved to vacate the jury's verdict as being "contrary to the law and the evidence." In support of those motions, Tran reiterated his prior argument that the Commonwealth had failed to prove that he intended to *permanently* maim, disfigure, disable, or kill the victim, as was required under Lee. Tran further argued that no evidence was presented to show that the victim's injury was a "permanent condition." Finding Lee inapplicable to the instant case because, unlike in Lee, the evidence in this case was uncontradicted that Tran used a sharp instrument to inflict the victim's wound, the trial court denied Tran's motions.

The jury recommended a sentence of seven years' imprisonment and a $5,000 fine. By order entered August 30, 2002, the trial court imposed sentence in accordance with the jury's recommendation. This appeal followed.

## II. JURY INSTRUCTION

On appeal, Tran maintains, as he did below, that, pursuant to Lee, the trial court was required to instruct the jury that, in order to convict him of malicious wounding, it had to find he intended to *permanently* maim, disfigure, disable, or kill the victim. Thus, he contends the trial court erred in giving the jury instruction submitted by the Commonwealth as to the elements of malicious wounding without the modification he requested, because, without that modification, the instruction did not correctly state the law.

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "A reviewing court's

- 4 -

responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "[A] jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the 'essentials of a fair trial.'" Id. (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)). "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it." Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

Code § 18.2-51 provides, in pertinent part, that, "[i]f any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony." Thus, in stating that the Commonwealth had to prove beyond a reasonable doubt that Tran wounded the victim with the intent "to maim, disfigure, disable or kill" him, the jury instruction given by the trial court in this case mirrored the language of Code § 18.2-51.

However, as used in the maiming statute, "[t]he word 'disfigure' means a 'permanent and not merely a temporary and inconsequential disfigurement.'" Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc) (quoting Lee, 135 Va. at 578, 115 S.E. at 673). "Similarly, the word 'disable' must refer to a permanent, not a temporary, disablement," id., and the word "maim" must refer to a permanent maiming. Thus, in order to sustain Tran's conviction under Code § 18.2-51, the Commonwealth had to prove Tran wounded the victim with the intent to kill or *permanently* maim, disfigure, or disable him, and a proper finding instruction would have said as much. See Outlaw v. Pearce, 176 Va. 458, 469, 11 S.E.2d 600, 605 (1940) (holding that "a finding instruction 'must state a complete case and embrace all

- 5 -

elements necessary to support a verdict'" (quoting Thomas v. Snow, 162 Va. 654, 662, 174 S.E. 837, 840 (1934))). Hence, we conclude the trial court erred in excluding the word "permanently" in the instruction it gave the jury regarding the elements of the crime of malicious wounding.

However, this does not end our analysis. We must determine whether the error by the trial court was harmless. See Purvis v. Commonwealth, 31 Va. App. 298, 307, 522 S.E.2d 898, 902 (2000) (noting that a harmless error does not require reversal); Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991) (noting that "harmless error analysis is appropriate in the context of improper jury instructions"). "Non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (en banc) (emphasis omitted) (quoting Code § 8.01-678). "'[W]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed.'" Kil, 12 Va. App. at 812, 407 S.E.2d at 680 (quoting Rose v. Clark, 478 U.S. 570, 579 (1986)); see also Harris v. Commonwealth, 134 Va. 688, 695, 114 S.E. 597, 600 (1922). Thus, if we can conclude from the record that the trial court's failure to properly instruct the jury did not affect the jury's verdict, the trial court's error is harmless. See Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).

As noted above, the trial court in this case failed to properly instruct the jury that, to convict Tran of malicious wounding, it had to find that Tran intended to kill or *permanently* maim, disfigure, or disable the victim. "Intent is the purpose formed in a person's mind at the time an act is committed. Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions and statements of the accused." Commonwealth

- 6 -

v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998) (citations omitted). Indeed, as Tran himself asserts in his appellate brief, the defendant's "[i]ntent may be inferred from acts and conduct . . . [that indicate] a person . . . intended the natural and probable consequences of his voluntary act." See Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969).

In asserting this claim of error on appeal, Tran relies, as he did in the trial court, exclusively upon the Supreme Court's rationale and decision in Lee. In Lee, a case in which there was a factual dispute about whether the victim's wound was caused by the defendant's fist or the defendant's use of a sharp instrument, the defendant requested an instruction that informed the jury it could not convict the defendant of malicious wounding unless it found he "intended to kill, or maim, or disfigure permanently" the victim. 135 Va. at 576-77, 115 S.E. at 672-73. The trial court gave the instruction but deleted the word "permanently" from it. Id. at 577, 115 S.E. at 673. In reversing the trial court, the Supreme Court observed that, although the defendant must have had the intent to *permanently* disfigure the victim to be convicted of malicious wounding, the trial court's deletion of the word "permanently" would not have constituted reversible error "[i]f [the Court] could say that the jury accepted the Commonwealth's theory in its entirety and believed that [appellant was the aggressor] . . . and dealt . . . a blow with a sharp instrument like a knife or steel knuckles" to inflict the wound. Id. "[A] permanent disfigurement," the Court reasoned, "would be the natural and probable consequence of a violent blow in the face with such a weapon." Id. The Supreme Court concluded, however, that, because the jury could also find from the evidence presented that the defendant "used no instrument but his fist" to strike the victim, the trial court's deletion of the word "permanently" from the requested instruction was reversible error. Id. at 577-79, 115 S.E. at 673. If the defendant used only his fist to strike the victim, the Court explained, the jury would have no basis upon which to infer from the use of a fist alone that the defendant intended to permanently

- 7 -

disfigure the victim, because only "some temporary disfigurement would naturally be expected, and would almost necessarily follow, from such a blow." Id. at 578, 115 S.E. at 673.

Applying these principles to the record before us, we conclude that the trial court's error in failing to inform the jury that the Commonwealth had to prove Tran wounded the victim with the intent to kill or *permanently* maim, disfigure, or disable him did not affect the verdict or otherwise deprive Tran of a fair trial on the merits because, unlike in Lee, there was no dispute in this case that the victim's wound was caused by anything other than a sharp instrument. Hence, the jury could not have reasonably concluded otherwise from the evidence presented. Indeed, the uncontroverted evidence plainly demonstrated that, using a metal knife and fork, Tran intentionally and voluntarily stabbed the victim in the face "very close to the eye" with sufficient force to cut and pierce the victim's skin and cause the wound to bleed. Based on this uncontradicted evidence, the jury could only have inferred that "a *permanent* disfigurement would be the natural and probable consequence of [such] a violent blow in the face with such a weapon." Id. at 577, 115 S.E. at 673 (emphasis added). We can conclude, therefore, that had the trial court properly instructed the jury that the Commonwealth had to prove that Tran intended to kill or *permanently* maim, disfigure, or disable the victim, as Tran requested, the verdict would have been the same. Consequently, the trial court's failure to include the word "permanently" in the malicious wounding finding instruction was harmless error.

### III.  SUFFICIENCY OF THE EVIDENCE

Tran also asserts on appeal that the evidence presented was insufficient, as a matter of law, to support his conviction for malicious wounding. Thus, he contends the trial court erred in denying his motions to strike the evidence and set aside the jury verdict. We disagree.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "'In so doing, we must . . . regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

As previously mentioned, in order to sustain Tran's conviction for malicious wounding under Code § 18.2-51, the Commonwealth had to prove Tran wounded the victim with the intent to kill or *permanently* maim, disfigure, or disable him.

In asserting this claim of error, Tran focuses entirely on the nature and extent of the victim's injury. He argues the Commonwealth's evidence failed to prove he had the requisite intent to *permanently* injure the victim because the victim "did not sustain a permanent injury." The victim's injury was not permanent, he argues, because the wound was merely "a superficial injury" that did not require further medical attention and took only three to four weeks to heal.

However, unlike the crime of aggravated malicious wounding, which requires proof that the victim suffered a "permanent and significant physical impairment" as a result of the wound inflicted by the defendant, the crime of malicious wounding does not require that the wound

inflicted by the defendant be permanent or significant. Compare Code § 18.2-51.2 (defining aggravated malicious wounding) with Code § 18.2-51 (defining malicious wounding). See also Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998) ("The crime of malicious wounding lacks the severity and permanence elements required for the offense of aggravated malicious wounding."). The crime of malicious wounding merely requires that the defendant intended to inflict a permanent wound. See Code § 18.2-51; Campbell, 12 Va. App. at 484, 405 S.E.2d at 4.

As we said in Campbell, 12 Va. App. at 483, 405 S.E.2d at 4, a case in which we considered the evidence necessary to prove the intent required for malicious wounding, "[t]he critical issue is . . . the intent with which the injuries were inflicted," not the extent of the injuries themselves. While, "[t]he nature and extent of the bodily injury . . . may reflect this intent[, they are] not exclusive factors." Id. The defendant's conduct and, specifically, the "means by which [the injury] is accomplished may [also] reflect this intent." Id. "A person's conduct may be measured by its natural and probable consequences. The finder of fact may infer that a person intends the natural and probable consequences of his acts." Id. at 484, 405 S.E.2d at 4. "Thus, if a person intentionally takes an action, the probable consequence of which is the permanent disability of another, *even if permanent disability does not result*, he or she can be found to have intended to cause a permanent disability" Id. at 484, 405 S.E.2d at 4-5 (emphasis added).

Here, the evidence proved that Tran, who was described as being "angry," went to the victim's table and, using a metal knife and fork, stabbed the victim in the face "under the eye" with sufficient force to cut and pierce the victim's skin and cause the wound to bleed. Tran then ran out of the restaurant. As a result of the stabbing, the victim had "three holes and . . . one cut" on the right side of his face "very close to the eye."

The jury could reasonably infer from this evidence that Tran wounded the victim with the intent to permanently maim, disfigure, or disable him. Consequently, the trial court did not err in denying Tran's motions to strike the evidence and set aside the jury verdict.

Accordingly, we affirm Tran's conviction.

Affirmed.