COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


KEVIN T. CHEEKS

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0285-06-4                    JUDGE JEAN HARRISON CLEMENTS
                                                  JUNE 26, 2007
CITY OF ALEXANDRIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            Donald M. Haddock, Judge

              Joseph D. King, Assistant Public Defender, for appellant.

              (S. Randolph Sengel, Commonwealth's Attorney; Laura M. Greene,
              Assistant Commonwealth's Attorney, on brief), for appellee.
              Appellee submitting on brief.


      Kevin T. Cheeks (appellant) appeals his conviction in a bench trial of trespassing, in

violation of City of Alexandria Code § 13-1-33.  He contends the trial court erred in admitting into

evidence an improperly authenticated document purportedly authorizing officers of the Alexandria

Police Department to bar persons from Alexandria Redevelopment Housing Authority (Housing

Authority) property.  For the reasons that follow, we affirm appellant's conviction.

      As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

The facts relevant to this appeal are set forth in a written statement of facts, in lieu of a transcript.

On October 26, 2005, officers of the Alexandria Police Department approached appellant on Montgomery Street in the City of Alexandria. As the officers moved towards him, appellant turned and began running down Montgomery Street. When appellant ignored their calls to halt, the officers pursued him. During the pursuit, rather than continuing to run straight, appellant turned right and ran into an alleyway on Housing Authority property. In doing so, appellant passed by "No Trespassing" signs that were posted at the alleyway's entrance. Appellant was eventually detained and handcuffed in the alleyway and subsequently charged with trespassing on Housing Authority property, in violation of City of Alexandria Code § 13-1-33.

At trial, Officer Jennifer Mogford testified that she had encountered appellant on Housing Authority property in 2002 and, due to a "domestic incident," had barred him from returning to the property. Officer Mogford further testified she had appellant sign a barment notice at the time and gave him a copy of it. A copy of the signed barment notice was admitted into evidence without objection. The trial court also admitted into evidence, over appellant's hearsay objection, a copy of a document purportedly designating the Alexandria Police Department as "a person lawfully in charge of" Housing Authority property and authorizing its officers to bar persons from entering upon Housing Authority property (authorization document).

Testifying on his own behalf, appellant admitted on cross-examination that "he was barred from [Housing Authority] property and had been charged and convicted of trespass on several occasions since being barred."

At the conclusion of the trial, the trial court found appellant guilty as charged[1] and sentenced him to six months in jail, with all but sixty days suspended for one year upon certain conditions. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in admitting the authorization document into evidence over his hearsay objection.

Assuming without deciding that the trial court erred in admitting the authorization document, we hold that any such error was harmless because the record contains overwhelming undisputed evidence of appellant's guilt under City of Alexandria Code § 13-1-33(a).

"In Virginia, non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (en banc) (emphasis omitted) (quoting Code § 8.01-678).

> In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the [fact finder]. If it did not, the error is harmless.

Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001). Accordingly, "'[i]f, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, the verdict . . . should stand.'" Id. at 260, 546 S.E.2d at 731 (quoting Kotteakos v. United States, 328 U.S. 750, 764 (1946)). "Under this standard, non-constitutional error is harmless if other evidence of guilt is so 'overwhelming' and the error so insignificant by comparison that we can conclude the error 'failed to have any "substantial influence" on the verdict.'" Schwartz v.

---

[1] The record reveals neither the evidence nor the rationale relied on by the trial court in finding appellant guilty of trespassing under City of Alexandria Code § 13-1-33.

Schwartz, 46 Va. App. 145, 159, 616 S.E.2d 59, 66 (2005) (quoting United States v. Lane, 474 U.S. 438, 450 (1986) (quoting Kotteakos, 328 U.S. at 765)). "Also relevant to the harmless error analysis [under the Kotteakos standard] is whether the evidence admitted in error is merely 'cumulative' of other, undisputed evidence." Id. at 160, 616 S.E.2d at 67 (citing Brecht v. Abrahamson, 507 U.S. 619, 639 (1993)); cf. Woodward v. Commonwealth, 16 Va. App. 672, 675-76, 432 S.E.2d 510, 512-13 (1993) (holding that "erroneously admitted evidence [is] harmless as a matter of law on the issue of guilt" if the record contains other, undisputed evidence that independently proves the defendant committed the charged crime).

Substantially tracking the language of Code § 18.2-119,[2] City of Alexandria Code § 13-1-33(a) provides, in pertinent part, as follows:

> If any person shall, without authority of law, go upon or remain upon the lands or premises of another, or any part, portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian, property manager or other person lawfully in charge of the property (hereinafter in this section referred to as the "owner" or "property owner"), or after having been forbidden to do so by a sign or signs posted by such owner . . . on such lands, structures, premises or part, portion or area thereof at a place or places where it or they may be reasonably seen, he shall be guilty of a class 1 misdemeanor.

Thus, like Code § 18.2-119, City of Alexandria Code § 13-1-33(a) contains two separate and independent bases for conviction: A conviction will stand both (1) where an individual

---

[2] Code § 18.2-119 provides:

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons . . . on such lands, structures, premises or portion or area thereof at a place or places where it or they may be reasonably seen . . . , he shall be guilty of a Class 1 misdemeanor.

enters upon property after having been forbidden, either orally or in writing, by a person lawfully in charge of the property from doing so, cf. Commonwealth v. Hicks, 267 Va. 573, 581, 585, 596 S.E.2d 74, 78, 81 (2004) (upholding the defendant's conviction under Code § 18.2-119 where the defendant willfully entered upon Richmond Redevelopment and Housing Authority property after receiving a letter from the manager of the property forbidding him from returning to the property), and (2) where an individual enters upon property after having been forbidden to do so by "No Trespassing" signs posted at the scene, cf. Miller v. Commonwealth, 10 Va. App. 472, 473, 393 S.E.2 431, 431 (1990) (affirming the defendant's conviction under Code § 18.2-119 where the defendant willfully entered upon Housing Authority property that was posted with "No Trespassing" signs).  The facts need prove only one of these two independent bases for conviction.  In other words, where the facts prove the defendant entered upon property marked with "No Trespassing" signs, the facts need not prove that the defendant was otherwise forbidden, either orally or in writing, by a person lawfully in charge of the property from entering upon the property.

Here, even without the authorization document, the evidence of appellant's guilt under City of Alexandria Code § 13-1-33(a) is overwhelming.  Indeed, the undisputed evidence establishes that, in attempting to flee from the police, appellant willfully changed his course and, disregarding the "No Trespassing" signs posted at its entrance, entered an alleyway on Housing Authority property.  Moreover, appellant freely admitted that "he was barred from [Housing Authority] property" at the time and, in fact, "had been charged and convicted of trespass on several occasions since being barred."  There can be no question, therefore, that appellant knew the Housing Authority was intent on enforcing its efforts to deter trespassing and that the "No Trespassing" signs posted at the entrance of the alleyway were intended to prohibit his entry onto Housing Authority property.  Nonetheless, he trespassed on the property.

Given the other, undisputed and overwhelming evidence in the record establishing appellant's guilt, we conclude that any error committed by the trial court in admitting the authorization document into evidence did not substantially influence the court's verdict. Accordingly, any such error was harmless. See Clay, 262 Va. at 259, 546 S.E.2d at 731.

### III. CONCLUSION

For these reasons, we affirm appellant's conviction. See Purvis v. Commonwealth, 31 Va. App. 298, 307, 522 S.E.2d 898, 902 (2000) (noting that a harmless error does not require reversal).

Affirmed.