COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia

CECIL ADRIAN ALLISON

v.        Record No. 0792-94-4        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                    OCTOBER 17, 1995

          FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    Thomas D. Horne, Judge

          Alexander N. Levay, Public Defender (Lorie E.
          O'Donnell, Assistant Public Defender; Office
          of the Public Defender, on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Robert B. Condon, Assistant Attorney General,
          on brief), for appellee.


     Cecil Adrian Allison (appellant) was convicted in a jury

trial of first-degree murder, use of a firearm in the commission

of a felony, malicious wounding, possession of a firearm by a

convicted felon, and possession of a sawed-off shotgun.  On

appeal, he argues that the trial court erred in:  (1) denying his

motion to sever the possession of a firearm by a convicted felon

charge from the other charges; (2) denying his motion to set

aside the verdict when the jury considered evidence aliunde; and

(3) prohibiting his psychological expert from testifying about

appellant's statements during the clinical interview.  We reverse

and remand because the trial court erred in denying appellant's

motion to sever.  We affirm on the expert testimony issue.  We do

_____

          [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

not address the jury issue because it is not likely to arise on retrial, and thus, our remand renders it moot.

## BACKGROUND

Appellant and his wife, Juanita Allison (decedent), separated in the spring of 1992. On June 4, 1992, decedent attended a party at the home of David Pollen (Pollen). At 10:30 p.m., decedent and other guests left the party and went to Magpie's, a restaurant in Middleburg. Pollen stayed home and went to bed. Shortly after going to bed, Pollen awoke to find appellant inside his residence. Appellant struck Pollen on the head, rendering him temporarily unconscious. When Pollen regained consciousness, appellant was dragging him by his feet across the floor. Pollen struggled free and ran outside. Appellant chased him and shot at him with a sawed-off shotgun. Appellant then went to Magpie's, where he shot his wife once in the back of the head using a .22 caliber rifle with a telescopic sight. At trial, the jury found appellant guilty on all counts and sentenced him to life plus fourteen years in the state penitentiary.

## MOTION TO SEVER

Appellant argues that the trial court erred in denying his motion to sever the charge of possession of a firearm by a convicted felon from the remaining charges.

Rule 3A:10(b) provides as follows:
> The court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not

2

> require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto.

"Justice often requires separate trials where highly prejudicial evidence of one of the crimes is not admissible in the trial of the other." Long v. Commonwealth, 20 Va. App. 223, 226, 456 S.E.2d 138, 139 (1995). "Generally, evidence of other offenses is inadmissible if it is offered merely to show that an accused was likely to commit the crime for which he is being tried." Cheng v. Commonwealth, 240 Va. 26, 33, 393 S.E.2d 599, 603 (1990). The exceptions to the general rule allow evidence of other offenses where the evidence "tends to prove any relevant element of the offense charged . . . [or] where the motive, intent or knowledge of the accused is involved." Id. at 34, 393 S.E.2d at 603 (quoting Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)).

In Long, the defendant was charged with possession of heroin, possession of a firearm while in the possession of heroin, and possession of a firearm after having been convicted of a felony. 20 Va. App. at 225, 456 S.E.2d at 138-39. The trial court denied Long's motion to sever the possession of a firearm after having been convicted of a felony charge. This Court reversed the trial court:

> When the jury hears that a defendant has been convicted of a felony, a fact not probative of an element of the offense being tried, the evidence has a tendency to prejudice the defendant in the minds of the jurors. The admission of the felony

3

conviction is suggestive of the defendant's criminal propensity and tends to adversely affect his presumption of innocence.

Id. at 227, 456 S.E.2d at 139.

This Court's recent decision in Long controls this case. The trial court erred when it denied appellant's motion to sever the possession of a firearm by a convicted felon charge. Appellant's prior felony was an element of the firearm possession charge but not an element of the murder charge. The prior felony was not relevant to the murder charge and the fact that appellant was a felon only served to prejudice the jury. As in Long, despite an abundance of evidence to support the conviction, the error cannot be deemed harmless because of the effect on the length of the sentence imposed by the jury.

## EXPERT TESTIMONY

Appellant also argues that the trial court erred in excluding statements he made to Dr. John Wires, a clinical psychologist, during an evaluation. Because this issue is one that is likely to arise on retrial, we must address it.

During a pretrial hearing, appellant argued that the trial court should allow Dr. Wires to testify about statements appellant made during a clinical interview and then render an opinion based on those statements. The statements reflected appellant's version of what he did and observed the night he killed his wife, and what circumstances caused him to kill his wife. Appellant sought to have Dr. Wires testify about: (1) his

4

wife's taunting concerning his sexual performance; (2) his wife's infidelity; (3) the couple's alcoholism; and (4) the circumstances surrounding the couple's separation. The trial court held that it would allow Dr. Wires and other experts to testify, "subject to a proper limiting instruction and to the rule of relevancy, as to the history which they took in the course of their examinations." However, the trial court ruled that "any opinions which they will render must be based upon their own personal observations or on the evidence adduced at trial." (Emphasis in original).

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "[E]xperts in criminal cases must testify on the basis of their own personal observations or on the basis of evidence adduced at trial." Buchanan v. Commonwealth, 238 Va. 389, 416, 384 S.E.2d 757, 773 (1989), cert. denied, 493 U.S. 1063 (1990). "As a general rule in this Commonwealth in a criminal case, an expert may not 'base his opinion on facts not in evidence.'" Papuchis v. Commonwealth, 15 Va. App. 281, 283-84, 422 S.E.2d 419, 421 (1992) (quoting Simpson v. Commonwealth, 227 Va. 557, 565, 318 S.E.2d 386, 391 (1984)).

In this case, the trial court correctly found that

5

appellant's statements to Dr. Wires regarding the details of the offenses and his state of mind were inadmissible hearsay. Appellant's statements to Dr. Wires were not the doctor's "personal observations" from the testing and evaluation of appellant, but statements of fact by appellant. The statements were also not "evidence adduced at trial" because appellant did not testify. Additionally, the trial court allowed Dr. Wires to express an opinion regarding appellant's insanity in response to hypothetical questions by appellant. We hold that no abuse of discretion occurred.

Appellant argues that the trial court should have allowed Dr. Wires to "give testimony and render an opinion or draw inferences from facts, circumstances or data made known to or perceived by . . . [him] at or before the hearing or trial." Code § 8.01-401.1.[1] However, numerous cases have reaffirmed the principle that experts in criminal cases may only testify based

---

[1]Code § 8.01-401.1 provides as follows:

> In any civil action any expert witness may give testimony and render an opinion or draw inferences from facts, circumstances or data made known to or perceived by such witness at or before the hearing or trial during which he is called upon to testify. The facts, circumstances or data relied upon by such witness in forming an opinion or drawing inferences, if of a type normally relied upon by others in the particular field of expertise in forming opinions and drawing inferences, need not be admissible in evidence.

(Emphasis added).

6

upon their personal observations or facts in evidence. See, e.g., Wright v. Commonwealth, 245 Va. 177, 197, 427 S.E.2d 379, 392 (1993), cert. granted and judgment vacated on other grounds, ___ U.S. ___, 114 S. Ct. 2701 (1994). We conclude that the trial court's ruling in this case was correct.

Accordingly, we reverse because of the failure to sever the possession of a firearm by a convicted felon charge and remand for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.

7