COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Causey and Lorish
Argued by videoconference


ELLIOT J. LITVAK

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0411-24-2                   JUDGE DORIS HENDERSON CAUSEY
                                                              JULY 1, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

Wes B. Simon (The Simon Law Firm, on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Elliot J. Litvak of both a first offense and a second or subsequent

offense of computer solicitation of a minor in violation of Code § 18.2-374.3(C).  The trial court

sentenced Litvak to 70 years of incarceration with all but 15 years suspended.  On appeal, Litvak

argues that the trial court erred by denying his request to sever the charges against him and by

allowing an amendment to Jury Instruction 10.  Litvak argues that the amendment to Instruction

10 was error because the instructions had already been read to the jury and because the amended

instruction, he argues, advised the jury of an element that was not properly part of the offense

charged.  For the following reasons, we affirm the convictions.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

*The offenses*

In 2020, Detective Joseph Wechsler of the Henrico County Police Department was a member of the Internet Crimes Against Children task force. In that role, Detective Wechsler investigated online crimes against children through a social media platform called "Mocospace." Mocospace had a chat function that allowed users to send direct messages to one another. Detective Wechsler posed as "Kylie-6," a juvenile, and waited for potential online predators to send "Kylie" a message. He used photos of a female officer to represent "Kylie."

On April 15, 2020, Litvak used his Mocospace account[2] to send messages to "Kylie-6." Litvak told "Kylie" he was "63 and married." Detective Wechsler replied that "Kylie" was "almost fifteen." Litvak responded, "damn you are pretty baby girl." During the conversation, Litvak told "Kylie" that he wanted to "make [her] wet" and "take [her] top off and . . . suck [her] tits." He also wrote that he would "suck [Kylie's nipples] and make [her] finger [her]self." Litvak told "Kylie" to "rub [her] p***y."

*Trial court proceedings*

On September 13, 2021, the grand jury indicted Litvak of electronic solicitation of a minor in violation of Code § 18.2-374.3(C). The indictment charged the following:

> [Litvak] . . . while being over the age of 18 years old, and being at
> least seven years older than the child, did use a communication

---

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] Of note, Litvak denied at trial that he had sent the above-referenced messages but admitted that the Mocospace account was his.

system for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child.

On July 11, 2022, the grand jury also indicted Litvak of a "second or subsequent offense" under the same Code subsection. The second indictment charged the same actions as the first and added a sentence reading, "This being a second or subsequent offense."

Before the start of Litvak's jury trial, the parties discussed jury instructions. Litvak objected to a portion of the instruction that corresponded to the second indictment ("Instruction 10"). The instruction required the jury to find that the crime was a "second or subsequent offense." He argued that the language was "extremely prejudicial" and would lead the jury to believe there "must have been a first [offense]." The court overruled the objection, finding that the second or subsequent language was an element of the offense, and stated that counsel could address any issues during closing argument. In response, Litvak moved to sever the charges for separate trials. The court denied the motion and commented that severing the charges would not resolve Litvak's concern because the jury instruction at a separate trial would require the same language.

At the conclusion of all the evidence, the trial court read the instructions to the jury. Instruction 9 stated in part, "The defendant is charged with the crime of using a computer . . . for the purpose of soliciting, with lascivious intent, a person he knew, or had reason to believe, was less than 15 years of age to propose *that defendant* feel or fondle the sexual or genital parts *of such child.*" (Emphases added). Instruction 9 continued, "The Commonwealth must prove beyond a reasonable doubt . . . [t]hat the defendant used a computer . . . for the purpose of soliciting 'Kylie' to engage in *the Defendant* feeling or fondling *her* sexual or genital parts." (Emphases added). Instruction 10 read in part,

- 3 -

The defendant is charged with the crime of using a computer . . . for the purpose of soliciting, with lascivious intent, a person he knew, or had reason to believe, was less than 15 years of age to propose *that such child* feel or fondle the sexual or genital parts *of defendant, second offense.*

(Emphases added). Instruction 10 continued, "The Commonwealth must prove beyond a reasonable doubt . . . [t]hat the defendant used a computer . . . for the purpose of soliciting, with lascivious intent, '*Kylie*' to engage in the feeling or fondling of the sexual or genital parts *of the defendant*." (Emphases added). And it stated that the Commonwealth must prove "[t]hat this is a second or subsequent offense."

During the Commonwealth's closing argument, the Commonwealth noticed an error with Instruction 10 and requested a brief recess. Outside of the presence of the jury, the Commonwealth explained that Instruction 10 should have stated that Litvak solicited "Kylie" to engage in the feeling or fondling of "Kylie's" own sexual or genital parts, not Litvak's, because the evidence was that Litvak told "Kylie" to "masturbate herself." Litvak objected and argued that the instruction was already read to the jury and the amendment would cause "confusion." The court overruled the objection and stated that the instruction needed to be "presented properly to the jury." Litvak then objected to the amendment of Instruction 10 itself, arguing that because the accusations described in the two charges were different, the language relating to a "second or subsequent offense" was now not "consistent." The court overruled Litvak's second objection and stated that counsel could address the issue during closing argument.

After the jury reentered the courtroom, the court explained the error and read the amended version of Instruction 10, which classified the charged offense as "the crime of using a computer . . . for the purpose of soliciting, with lascivious intent, a person he knew, or had reason to believe, was less than 15 years of age to propose that such child feel or fondle the sexual or genital parts *of such child, second or subsequent offense.*" (Emphasis added). The

- 4 -

court explained that the Commonwealth needed to prove that "the defendant used a computer . . . for the purpose of soliciting, with lascivious intent, Kylie to engage in the feeling or fondling of the sexual or genital parts *of such child*." (Emphasis added).

The Commonwealth resumed closing argument. It explained that the corrected instruction reflected the evidence that Litvak proposed that "Kylie" "touch, feel, [and] fondle[] her own sexual or genital parts." The Commonwealth argued that the first offense occurred when Litvak told "Kylie" he was "going to rub her butt and suck her nipples" and the second offense occurred when Litvak instructed "Kylie" to "finger [her]self" and "rub [her] p***y." The Commonwealth then instructed the jury, "if you decide in your infinite wisdom that the first one didn't happen but the second one did, then you have the ability to find him guilty of a first offense."

Litvak argued to the jury that the two offenses were "in the same genre" but "not the same" because one involved the solicitation for the minor to touch herself, while the other involved a solicitation for Litvak to touch the child. Litvak argued that a second offense could not exist without a first offense of the same type. Counsel stated, "How can one of them be a second when they are different?"

Following argument, the jury received the instructions and two jury verdict forms. The form for the second indictment permitted the jury to find Litvak guilty of a first offense if they decided it was not a second or subsequent offense. The jury convicted Litvak of both a first and a second or subsequent offense of computer solicitation of a minor. This appeal followed.

ANALYSIS

On appeal, Litvak argues that the trial court abused its discretion by denying his motion

to sever the charges, allowing Instruction 10 to be amended after having been read to the jury,

and by allowing Instruction 10 to be amended.[3]

I. Severance

    A. Standard of Review

Whether an accused can be tried on all pending charges is a determination within the

sound discretion of the trial court. *Brooks v. Commonwealth*, 73 Va. App. 133, 141 (2021)

(citing *Commonwealth v. Minor*, 267 Va. 166, 172 (2004)). "The circuit court's decision to join

offenses for trial is reviewed for abuse of discretion." *Walker v. Commonwealth*, 289 Va. 410,

415 (2015) (quoting *Scott v. Commonwealth*, 274 Va. 636, 644 (2007)). The trial court's

interpretation and application of the joinder and severance rules, however, "presents a question

of law that we review *de novo*." *Brooks*, 73 Va. App. at 141 (quoting *Cousett v. Commonwealth*,

71 Va. App. 49, 57 (2019)).

    B. The trial court did not abuse its discretion by denying Litvak's motion to sever
       the charges.

Rule 3A:10(C) provides that "[t]he court may direct that an accused be tried at one time

for all offenses then pending against him, if justice does not require separate trials and (i) the

offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's

attorney consent thereto." *Cousett*, 71 Va. App. at 57. "Under Rule 3A:6(b), two or more

---

[3] Litvak does not assign error to his being punished for two counts of computer solicitation of a minor for his statements over the course of a single conversation. Nor did he provide appellate argument related to this issue or object on this basis before the trial court. Consequently, we will not consider this issue on appeal. Rule 5A:20(c)(1); Rule 5A:18. For the purposes of this appeal, therefore, this Court assumes without deciding that the unit of prosecution for computer solicitation of a minor is compatible with a two-count conviction in the context of one perpetrator's singular conversation with one minor.

offenses may be joined in a single indictment 'if the offenses are based on the same act or transaction, or on two or more acts or transactions that are [a.] connected or [b.] constitute parts of a common scheme or plan.'" *Castillo v. Commonwealth*, 70 Va. App. 394, 413-14 (2019) (alterations in original) (quoting *Scott*, 274 Va. at 644).

"Even if the requirements of Rule 3A:6(b) are met, joinder is not permitted unless 'justice does not require separate trials.'" *Cook v. Commonwealth*, 7 Va. App. 225, 229 (1988). "Justice often requires separate trials where highly prejudicial evidence of one of the crimes is not admissible in the trial of the other." *Brooks*, 73 Va. App. at 145 (quoting *Long v. Commonwealth*, 20 Va. App. 223, 226 (1995)).

Litvak does not dispute that the charges arose from the same transaction, so this Court must decide only if justice required separate trials. Litvak argues that the "second or subsequent offense" language in Instruction 10 was "misleading" and had a prejudicial effect on the outcome. He contends that by not severing the charges, "the [j]ury surmised that [Litvak] had been convicted of a similar offense previously, which prejudiced them in their finding." We disagree.

First, the remedy requested by Litvak would not remedy the alleged error in the instructions. Whether the second indictment was tried separately or not is not relevant to the inclusion of the "second or subsequent" terminology. If the charges were severed into separate trials and Litvak were convicted of the first charge, the question of whether to include the offense's status as a "second or subsequent offense" would have remained. Because severance would not have remedied the alleged prejudice, we cannot say that the trial court abused its discretion in concluding that justice did not require separate trials. *See Walker*, 289 Va. at 415.

Second, we cannot conclude that Instruction 10 led the jury to incorrectly infer that Litvak had been previously convicted of a similar crime. Instruction 10 required the jury to find

that Litvak's acts constituted a "second or subsequent *offense*," not "conviction." Litvak has not

explained why the jury would not likely understand that the "second or subsequent" language

referred to the presence of another charged violation, in this case, under the same code section.

Even if the jury were likely to draw that erroneous inference, the Commonwealth's

explanations to the jury and the verdict forms provided to the jury made any potential error in

permitting the instruction harmless. "Non-constitutional error is harmless if other evidence of

guilt is so 'overwhelming' and the error so insignificant by comparison that we can conclude the

error 'failed to have "any substantial" influence on the verdict.'" *Dandridge v. Commonwealth*,

72 Va. App. 669, 685 (2021) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 270 (2018)).

During closing argument, the Commonwealth clarified that Instruction 10 only required a

"second offense," not a "second conviction." The Commonwealth explained that both offenses

occurred within the same conversation and the law allowed each suggestion to be charged as a

separate offense. The Commonwealth instructed the jury that if they decided Litvak was not

guilty of stating he wanted to perform sexual acts on "Kylie," but was guilty of telling "Kylie" to

perform sexual acts on herself, they had the ability to find him guilty of only a first offense.

Accordingly, the trial court did not err by denying Litvak's motion.

II. Jury Instruction 10

A. Standard of Review

"A reviewing court's responsibility in reviewing jury instructions is to see that the law

has been clearly stated and that the instructions cover all issues which the evidence fairly raises."

*Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019) (quoting *Darnell v. Commonwealth*,

6 Va. App. 485, 488 (1988)). "The purpose of jury instructions is to inform the jury fully and

fairly about the law applicable to the particular facts of the case." *Hawthorne v. VanMarter*, 297

Va. 566, 586 (2010) (citing *Castle v Lester*, 272 Va. 591, 605 (2006)). "We review a trial court's

decisions in giving and denying requested jury instructions for abuse of discretion." *Holmes v. Commonwealth*, 76 Va. App. 34, 53 (2022) (quoting *Conley v. Commonwealth*, 74 Va. App. 658, 675 (2022)). "[W]hether a jury instruction accurately states the relevant law is a question of law that we review de novo." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)).

B. The trial court did not err by allowing Instruction 10 to be amended after having been read to the jury.

Litvak argues that once Instruction 10 "had been read to the jury . . . no changes or amendments should have been allowed." In support of his argument, Litvak cites only Virginia Supreme Court Rule 3A:16(a), which states, "In a felony case, the instructions must be reduced to writing. In all cases the court must instruct the jury before arguments of counsel to the jury." Litvak suggests that permitting changes to Instruction 10 after the Commonwealth began its closing argument violated that rule.

We disagree. After the instructions were edited, the trial court explained that the jury should disregard the first instruction and only consider the amended instruction. Editing Instruction 10 was necessary to ensure that the jury receive instructions that "clearly stated" the law and "cover[ed] all the issues which the evidence fairly rais[ed]." *See Fahringer*, 70 Va. App. at 675. After the instructions were edited, both sides had the opportunity to present full closing arguments to the jury. In these circumstances, we hold that Rule 3A:16(a)'s requirements were met. The trial court did not err by allowing the amended instruction to be presented to the jury.

C. The trial court did not err by allowing Instruction 10 to be amended.

Litvak argues that because Instruction 9 alleged that he proposed to feel or fondle the genitals *of* "*Kylie*," it was improper to include the "second or subsequent offense" language in Instruction 10, where the allegation was that Litvak proposed that *"Kylie"* feel or fondle *her own* genitals. (Emphasis added). He contends that "a second or subsequent offense of either would have

- 9 -

to be of the same charge" and suggests that the amendment "implied that [he] was charged with proposing ["Kylie"] feel or fondle her own genitals, for a second time[,] which implied there had been a first." We find Litvak's argument unpersuasive.

"The primary purpose of statutory interpretation 'is to ascertain and give effect to legislative intent.'" *Botkin v. Commonwealth*, 296 Va. 309, 314 (2018) (quoting *Brown v. Commonwealth*, 284 Va. 538, 542 (2012)). "This Court determines legislative intent from the words employed in the statute." *Id.* (quoting *Alger v. Commonwealth*, 267 Va. 255, 259 (2004)). "If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Id.*

Code § 18.2-374.3(C) prohibits any person 18 years or older to use a computer to solicit a child younger than 15 years of age to engage in sexual acts. Subsection C contains four subparts that list different acts that an adult may solicit a minor to do unlawfully, including subpart 2, which states, "Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child." Code § 18.2-374.3(C)(2). Subsection C also states that "any person who commits a second or subsequent violation *of this subsection* . . . shall be punished by a term of imprisonment of not less than 10 years nor more than 40 years, 10 years of which shall be a mandatory minimum term of imprisonment." Code § 18.2-374.3(C) (emphasis added).

The plain reading of the statute makes it clear that a person can violate Code § 18.2-374.3(C) by soliciting a minor to engage in any of the acts listed in subsection C and does not require a person to propose the exact same act twice to constitute a second or subsequent offense. The plain language used in Instruction 10 conveys this same meaning. The more reasonable interpretation of the words "second or subsequent *offense*" is that they refer to the commission of multiple violations of the general statutory prohibition, not as to multiple illegal

- 10 -

actions of the exact same type. Because the most reasonable reading of the instructions accurately reflects the terms of the statute, we hold that the trial court did not err in permitting the amendment to Instruction 10.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*